J-S24030-17

2017 PA Super 151

| | |
|---|---|
| IN RE: M.Z.T.M.W., A MINOR : | IN THE SUPERIOR COURT OF |
| : | PENNSYLVANIA |
| : | |
| : | |
| : | |
| : | |
| : | |
| : | |
| : | |
| APPEAL OF: M.W., BIRTH MOTHER : | No. 1904 WDA 2016 |

Appeal from the Decree November 17, 2016
In the Court of Common Pleas of Allegheny County
Orphans' Court at No: CP-02-AP-0000038-2016

| | |
|---|---|
| IN RE: M.Z.T.W., A MINOR : | IN THE SUPERIOR COURT OF |
| : | PENNSYLVANIA |
| : | |
| : | |
| : | |
| : | |
| : | |
| : | |
| : | |
| APPEAL OF: M.W., BIRTH MOTHER : | No. 1905 WDA 2016 |

Appeal from the Decree November 17, 2016
In the Court of Common Pleas of Allegheny County
Orphans' Court at No: CP-02-AP-0000039-2016

BEFORE: PANELLA, STABILE, JJ., and STEVENS,[*] P.J.E.

OPINION BY STABILE, J.: **FILED MAY 17, 2017**

M.W. ("Mother") appeals from the decrees entered November 17,

2016, in the Court of Common Pleas of Allegheny County, which involuntarily

_____

[*] Former Justice specially assigned to the Superior Court.

terminated her parental rights to her twin sons, M.Z.T.M.W. and M.Z.T.W., born in April 2015.[1] After careful review, we affirm.

The record reveals that Allegheny County Children, Youth and Families ("CYF") has a lengthy history of involvement with Mother, beginning in 1999. N.T., 11/17/2016, at 9. M.Z.T.M.W. and M.Z.T.W. are Mother's seventh and eighth children, and Mother's parental rights with respect to her previous six children have already been terminated.[2] *Id.* at 10. M.Z.T.M.W. and M.Z.T.W. entered foster care immediately after being discharged from the hospital, due to Mother's history of mental health issues, parental incapacity, drug and alcohol concerns, and intellectual disabilities. *Id.* at 9, 11, 28-29. The children have resided in the same pre-adoptive foster home since June 3, 2015. *Id.* at 28-29. They were adjudicated dependent on June 23, 2015, and aggravated circumstances were found that same day. *Id.* at 9, 26.

On March 2, 2016, CYF filed petitions to involuntarily terminate Mother's parental rights to M.Z.T.M.W. and M.Z.T.W. The orphans' court conducted a termination hearing on November 17, 2016. Following the hearing, the court entered decrees terminating Mother parental rights.

_____

[1] The decrees also terminated the parental rights of J.D., the putative father of M.Z.T.M.W. and M.Z.T.W., and the parental rights of any unknown father that the children may have. Neither J.D. nor any unknown father has appealed the termination of his parental rights.

[2] According to the orphans' court, Mother gave birth to her ninth child, who is not relevant to this appeal, in November 2016. Orphans' Court Opinion, 1/23/2017, at 4 (Findings of Fact at ¶ 3).

Mother timely filed notices of appeal on December 16, 2016, along with concise statements of errors complained of on appeal.

When reviewing an appeal from a decree terminating parental rights, we apply the following standard of review.

> The standard of review in termination of parental rights cases requires appellate courts to accept the findings of fact and credibility determinations of the trial court if they are supported by the record. If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion. A decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will. The trial court's decision, however, should not be reversed merely because the record would support a different result. We have previously emphasized our deference to trial courts that often have first-hand observations of the parties spanning multiple hearings.

*In re T.S.M.*, 71 A.3d 251, 267 (Pa. 2013) (citations and quotation marks omitted).

Termination of parental rights is governed by Section 2511 of the Adoption Act, 23 Pa.C.S.A. §§ 2101-2938, which requires a bifurcated analysis.

> Initially, the focus is on the conduct of the parent. The party seeking termination must prove by clear and convincing evidence that the parent's conduct satisfies the statutory grounds for termination delineated in Section 2511(a). Only if the court determines that the parent's conduct warrants termination of his or her parental rights does the court engage in the second part of the analysis pursuant to Section 2511(b): determination of the needs and welfare of the child under the standard of best interests of the child. One major aspect of the needs and welfare analysis concerns the nature and status of the

emotional bond between parent and child, with close attention paid to the effect on the child of permanently severing any such bond.

*In re L.M.*, 923 A.2d 505, 511 (Pa. Super. 2007) (citations omitted).

In this case, the orphans' court terminated Mother's parental rights pursuant to Sections 2511(a)(2), (5), and (b), which provide as follows.

> **(a) General rule.--**The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:
>
> ***
>
> (2) The repeated and continued incapacity, abuse, neglect or refusal of the parent has caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being and the conditions and causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied by the parent.
>
> ***
>
> (5) The child has been removed from the care of the parent by the court or under a voluntary agreement with an agency for a period of at least six months, the conditions which led to the removal or placement of the child continue to exist, the parent cannot or will not remedy those conditions within a reasonable period of time, the services or assistance reasonably available to the parent are not likely to remedy the conditions which led to the removal or placement of the child within a reasonable period of time and termination of the parental rights would best serve the needs and welfare of the child.
>
> ***
>
> **(b) Other considerations.--**The court in terminating the rights of a parent shall give primary consideration to the developmental, physical and emotional needs and welfare of the

child.  The rights of a parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings, income, clothing and medical care if found to be beyond the control of the parent.  With respect to any petition filed pursuant to subsection (a)(1), (6) or (8), the court shall not consider any efforts by the parent to remedy the conditions described therein which are first initiated subsequent to the giving of notice of the filing of the petition.

23 Pa.C.S.A. § 2511(a)(2), (5), and (b).

Before reaching the merits of Mother's appeal, we must first consider whether she has preserved her claims for our review.  In her concise statements of errors complained of on appeal, Mother raises the following issue:

1. The [orphans'] court abused its discretion and/or erred as a matter of law in concluding that [CYF] met its burden of proving by clear and convincing evidence grounds for the involuntary termination of [] [M]other's parental rights pursuant to 23 Pa.C.S.[A.] § 2511(a)(2) and 23 Pa.C.S.[A.] § 2511(a)(5) when such determination is not supported by the record.

Concise Statements of Errors Complained of on Appeal, 12/16/16.

Likewise, in the statement of questions involved section of Mother's brief, she raises the following issue:

1. Did the [orphans'] court abuse its discretion and/or err as a matter of law in concluding that [CYF] met its burden of proving [b]y clear and convincing evidence grounds for the involuntary termination of [] Mother's parental rights pursuant to 23 Pa.C.S.[A.] §[]2511(a)(2) and (5) when such determination is not supported by the record?

Mother's Brief at 15.

However, in the summary of argument and argument sections of her brief, Mother abandons her challenge to Sections 2511(a)(2) and (5), and

instead focuses solely on Section 2511(b). Mother concedes that CYF presented sufficient evidence to terminate her parental rights pursuant to Section 2511(a)(2). Mother's brief at 19 ("CYF, the petitioner, did clearly and convincingly establish threshold grounds for termination pursuant to 23 Pa.C.S.[A.] §[]2511(a)(2).").

It is well-settled that this Court will not review a claim unless it is developed in the argument section of an appellant's brief, and supported by citations to relevant authority. *In re W.H.*, 25 A.3d 330, 339 n.3 (Pa. Super. 2011), *appeal denied*, 24 A.3d 364 (Pa. 2011) (quoting *In re A.C.*, 991 A.2d 884, 897 (Pa. Super. 2010)) ("'[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.'"). Here, Mother waived any challenge with respect to Sections 2511(a)(2) and (5) by failing to develop an argument in her brief, and by conceding that CYF presented clear and convincing evidence to terminate her parental rights pursuant to Section 2511(a)(2).

Further, it is well-settled that issues not included in an appellant's statement of questions involved and concise statement of errors complained of on appeal are waived. *Krebs v. United Refining Co. of Pa.*, 893 A.2d 776, 797 (Pa. Super. 2006) (citations omitted) ("We will not ordinarily consider any issue if it has not been set forth in or suggested by an appellate brief's statement of questions involved, and any issue not raised in a statement of matters complained of on appeal is deemed waived."). With

respect to issues not included in a concise statement, our Supreme Court has instructed that this Court has no discretion in choosing whether to find waiver. Waiver is mandatory, and this Court may not craft *ad hoc* exceptions or engage in selective enforcement. *City of Philadelphia v. Lerner*, 151 A.3d 1020, 1024 (Pa. 2016) (quoting *Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011)). Because Mother failed to include a challenge to Section 2511(b) in her statement of questions involved and concise statements that issue is also waived.[3]

Accordingly, we conclude that Mother failed to preserve any of her claims for our review. We therefore affirm the November 17, 2016 termination decrees.

Decrees affirmed.

---

[3] We acknowledge that panels of this Court have sometimes relied on *In re C.L.G.*, 956 A.2d 999 (Pa. Super. 2008) (*en banc*), to address Section 2511(b), even where the appellant has made no effort to present a challenge regarding that section. In *C.L.G.*, this Court affirmed an order involuntarily terminating the appellant mother's parental rights. We initially analyzed the trial court's decision to terminate pursuant to Section 2511(a)(8). We concluded that the evidence supported the court's decision, and then proceeded to address Section 2511(b), even though the appellant mother did not present any challenge regarding that section. This Court did not provide an explanation for its decision to address Section 2511(b). We merely stated: "Although Mother does not challenge the trial court's analysis of Section 2511(b), we proceed to address this issue nonetheless." *Id.* at 1010. We do not read *C.L.G.* to require consideration of Section 2511(b) in every appeal from a decree involuntarily terminating parental rights. This Court did not hold that consideration of Section 2511(b) was necessary in *C.L.G.*, nor did we cite any authority in support of our decision to address Section 2511(b) *sua sponte*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/17/2017