J-S75045-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| IN THE INTEREST OF: M.B., C.B., JR. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: R.B. | : | No. 1175 WDA 2017 |

Appeal from the Order Entered July 24, 2017
in the Court of Common Pleas of Clearfield County,
Orphans' Court at No(s):  OC-3406-2017,
OC-3407-2017

BEFORE:  SHOGAN, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          FILED JANUARY 26, 2018

R.B. ("Mother") appeals from the Order granting the Petition filed by

M.B. ("Paternal Grandmother"), involuntarily terminating Mother's parental

rights to her minor children, M.B., a daughter born in September 2006, and

C.B., Jr., a son born in September 2008 (collectively, "the Children").[1]  We

affirm.

The trial court summarized the relevant factual and procedural history

of this case as follows:

> During the hearing in this case, it was established that Paternal
> Grandmother has had sole legal and physical custody of [M.B.]
> since August 2, 2007, when [M.B.] was approximately ten (10)
> months old.  Paternal Grandmother obtained custody of [M.B.] as
> a result of Mother's lack of housing.  Mother and Father were,
> thereafter, allowed supervised visits with [M.B.] until 2009, when

_____

[1] By separate Order, the Children's Father, C.B. ("Father"), voluntarily
relinquished his parental rights.  Father is not a party to the instant appeal,
nor did he file a separate appeal.

[M.B.] complained of Mother hurting her. Following [an] investigation for sexual abuse, Mother's supervised visits were suspended until [sometime] in 2010. Paternal Grandmother has also had sole legal and physical custody of [C.B., Jr.,] since January of 2010[,] after the child was placed in the care of Children, Youth and Family Services [("CYFS")].[2] Mother's periods of supervised visitation with the Children were again suspended in 2012. Mother has not seen the Children since that time.

Trial Court Opinion, 7/24/2017, at 3-4 (footnote added).

Paternal Grandmother filed a Petition to involuntarily terminate Mother's parental rights to the Children on March 21, 2017. The trial court conducted a termination hearing on May 30, 2017, during which the Children's interests were represented by Courtney L. Kubista, Esquire, the Children's Guardian ad litem, and Adrianne M. Peters, Esquire. During the termination hearing, Paternal Grandmother testified on her own behalf and presented the testimony of Yvonne Reedy, Ph.D., a licensed psychologist, and Autumn Bloom, a licensed clinical social worker. Mother did not present any evidence or testimony at the hearing.[3] On July 24, 2017, the trial court issued an Opinion and Order granting Paternal Grandmother's Petition, and terminating Mother's parental rights pursuant to 23 Pa.C.S.A. § 2511(a)(1) and (b).

_____

[2] C.B., Jr., who was fifteen months old at the time, was removed from Mother's home by CYFS, after M.B.'s claim of sexual abuse at the hands of Mother was substantiated. C.B., Jr., was thereafter placed in the care of Paternal Grandmother.

[3] Mother failed to appear at the termination hearing, but was represented by Matthew R. Swisher, Esquire, who cross-examined witnesses on her behalf.

Mother timely filed a Notice of Appeal, along with a Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal. In lieu of filing an opinion pursuant to Pa.R.A.P. 1925(a), the trial court referred this Court to its Opinion accompanying the subject Order.

Mother now raises the following issues for our review:

1. In the absence of any supporting evidence, did the trial court erred [sic] in finding that [Paternal Grandmother] met her burden by clear and convincing evidence that [Mother] evidenced a settled purpose to relinquish her parental claims to the [C]hildren?

2. Given that [Paternal Grandmother] testified that she deliberately excluded [Mother] from having contact with the [C]hildren, did the trial court further erred [sic] in finding that [Mother] refused or failed to perform any parental duties for the statutory period?

Mother's Brief at 6.

In reviewing an appeal from an Order terminating parental rights, we adhere to the following standard:

The standard of review in termination of parental rights cases requires appellate courts to accept the findings of fact and credibility determinations of the trial court if they are supported by the record. If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion. A decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will. The trial court's decision, however, should not be reversed merely because the record would support a different result. We have previously emphasized our deference to trial courts that often have first-hand observations of the parties spanning multiple hearings.

In re T.S.M., 71 A.3d 251, 267 (Pa. 2013) (citations and quotation marks omitted).

The burden is upon the petitioner to prove by clear and convincing evidence that the asserted grounds for seeking the termination of parental rights are valid. In re R.N.J., 985 A.2d 273, 276 (Pa. Super. 2009). "The standard of clear and convincing evidence is defined as testimony that is so clear, direct, weighty and convincing as to enable the trier of fact to come to a clear conviction, without hesitance, of the truth of the precise facts in issue." Id. (citation and quotation marks omitted).

Satisfaction of any one subsection of section 2511(a), along with consideration of section 2511(b), is sufficient for the involuntary termination of parental rights. In re B.L.W., 843 A.2d 380, 384 (Pa. Super. 2004) (en banc). In this case, the trial court terminated Mother's parental rights under 23 Pa.C.S.A. § 2511(a)(1) and (b), which provide as follows:

> (a) General rule.--The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:
>
>> (1) The parent by conduct continuing for a period of at least six months immediately preceding the filing of the petition either has evidenced a settled purpose of relinquishing parental claim to a child or has refused or failed to perform parental duties.
>
> * * *
>
> (b) Other considerations.--The court in terminating the rights of a parent shall give primary consideration to the developmental, physical and emotional needs and welfare of the child. The rights of the parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings,

income, clothing and medical care if found to be beyond the control of the parent. With respect to any petition filed pursuant to subsection (a)(1), (6) or (8), the court shall not consider any efforts by the parent to remedy the conditions described therein which are first initiated subsequent to the giving of notice of the filing of the petition.

23 Pa.C.S.A. § 2511(a)(1), (b).

To meet the requirements of section 2511(a)(1), "the moving party must produce clear and convincing evidence of conduct, sustained for at least the six months prior to the filing of the termination petition, which reveals a settled intent to relinquish parental claim to a child or a refusal or failure to perform parental duties." In re Z.S.W., 946 A.2d 726, 730 (Pa. Super. 2008) (citing In re Adoption of R.J.S., 901 A.2d 502, 510 (Pa. Super. 2006)). The court must then consider "the parent's explanation for his or her conduct" and "the post-abandonment contact between parent and child" before moving on to analyze Section 2511(b). Id. (quoting In re Adoption of Charles E.D.M., 708 A.2d 88, 92 (Pa. 1998)).

A parent does not perform his or her parental duties by displaying a "merely passive interest in the development of the child." In re B., N.M., 856 A.2d 847, 855 (Pa. Super. 2004) (quoting In re C.M.S., 832 A.2d 457, 462 (Pa. Super. 2003)). Rather,

> [p]arental duty requires that the parent act affirmatively with good faith interest and effort, and not yield to every problem, in order to maintain the parent-child relationship to the best of his or her ability, even in difficult circumstances. A parent must utilize all available resources to preserve the parental relationship, and must exercise reasonable firmness in resisting obstacles placed in the path of maintaining the parent-child relationship. Parental

rights are not preserved by waiting for a more suitable or convenient time to perform one's parental responsibilities while others provide the child with his or her physical and emotional needs.

Id. (citation omitted).

Regarding subsection 2511(a)(1),[4] Mother argues that Paternal Grandmother failed to present sufficient evidence to prove that "Mother has made a deliberate decision to terminate the parent-child relationship with [the] Children at any time within the six months preceding the filing of the [P]etition." Mother's Brief at 11. Rather, Mother argues that Paternal Grandmother thwarted Mother's attempts at parenting the Children. Id. at 10-12. Mother asserts that Paternal Grandmother systematically excluded Mother from the Children's lives, and thus, "Mother had no opportunity during the relevant time frame to exercise or demonstrate her parental duties." Id. at 14.

The trial court disagreed, explaining its decision as follows:

It would appear as though the only consistent parental figure in the Children's lives has been Paternal Grandmother. Paternal

_____

[4] We observe that the Argument section of Mother's brief is not "divided into as many parts as there are questions to be argued." Pa.R.A.P. 2119(a). Instead, Mother divided her Argument section to separately address various subsections of section 2511(a). Nevertheless, because Mother's discussion of section 2511(a)(1) is fairly suggested by the issues set forth in her Statement of Questions Involved, we will address her claims. See Pa.R.A.P. 2116(a) (stating that "[n]o questions will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." (emphasis added)). Additionally, because the trial court terminated Mother's parental rights under 23 Pa.C.S.A. § 2511(a)(1) and (b), we need not address Mother's arguments relating to the remaining subsections of section 2511(a).

Grandmother has had sole legal and physical custody of the Children for nearly their entire lives. She has provided the Children with stability, which includes making sure the Children have daily routines, providing for the Children's daily needs, ensuring that the Children are involved in extracurricular activities, and taking the Children to visit extended family members. Mother, on the other hand, has not performed any parental duties for nearly five (5) years. Further, with the exception of one letter sent to the Children through Mother's counsel, Mother has also failed to send the Children gifts, cards or letters, and has not contacted the Children via telephone.

Mother claims that Paternal Grandmother has denied Mother any contact with the Children; however, Mother's limited attempts to reach out to her Children tell a very different story. It would appear that Mother has made virtually no efforts to contact her Children, and has otherwise failed entirely at undertaking her parental duties. The [c]ourt would further note that Mother did not appear at the hearing on this matter, despite having nearly five (5) weeks to make transportation arrangements. In this light, the [c]ourt is satisfied that Mother has evidenced a settled purpose of relinquishing her parental claims to the Children, and has refused or failed to perform any parental duties for at least six (6) months prior to the filing of the instant Petition.

Trial Court Opinion, 7/24/17, at 4-5.

Our review of the record supports the trial court's findings. Paternal Grandmother obtained custody of Children based upon concerns regarding Mother's lack of housing and the substantiated claim that Mother had sexually abused M.B. Paternal Grandmother testified that Mother has failed to fulfill her parental duties since her last contact with the Children in 2012. See N.T., 5/30/2017, at 45. Specifically, Mother utilized her attorney on only one occasion to request a picture of the Children from Paternal Grandmother in February 2017. See id. at 51. By the termination hearing, the Children had waited over five years for a permanent and stable home. Based upon Mother's

absence from the Children's lives, her relationship with the Children, if any, lacks security, stability and safety.

Likewise, we reject Mother's claim that the trial court erred in terminating her parental rights because Paternal Grandmother had thwarted her attempts at exercising or demonstrating her parental duties. "Parental rights are not preserved by waiting for a more suitable or convenient time to perform one's parental responsibilities while others provide the child with his or her physical and emotional needs." In re B., N.M., 856 A.2d at 855. Because Mother failed to act affirmatively in order to maintain her relationship with Children, even under allegedy difficult circumstances created by Paternal Grandmother, as well as those she created herself, we find that Paternal Grandmother proved the statutory elements for termination under section 2511(a)(1).[5] See id. (explaining that a parent "must exercise reasonable firmness in resisting the obstacles" which limit his or her ability to maintain a parent/child relationship).

_____

[5] Instantly, Mother made no effort to challenge the termination of her parental rights pursuant to section 2511(b) in the Argument section of her brief, nor did she include any such challenge in her Concise Statement or Statement of Questions Involved. Thus, we conclude that Mother waived any challenge as to section 2511(b). See In re M.Z.T.M.W., 163 A.3d 462, 466 (Pa. Super. 2017) (concluding that appellant waived her challenge in regard to section 2511(b) by failing to include it in her concise statement and statement of questions involved). Moreover, even if Mother had preserved such a challenge, we would conclude that the trial court's determination, i.e., that the termination of Mother's parental rights was in the Children's best interest, see Trial Court Opinion, 7/24/17, at 5-6, is supported by the record and free of legal error. See In re T.S.M., 71 A.3d at 267.

Thus, the record confirms that Mother refused or failed to perform parental duties during the six months immediately preceding the filing of the termination petition. It was within the trial court's discretion to accept the testimony of Paternal Grandmother, and to conclude that Mother made no effort to contact Children during the relevant six months. See In re T.S.M., 71 A.3d at 267. Because we discern no abuse of discretion or error of law in the trial court's determination, we affirm the Order terminating Mother's parental rights under section 2511(a)(1) and (b).

Order affirmed.

Judge Ott joins the memorandum.

Judge Shogan concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/26/2018