J-S37002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: N.D.P., A MINOR | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: T.A.P., MOTHER | : : : : : : | |
| | : | No. 448 EDA 2018 |

Appeal from the Order January 9, 2018
In the Court of Common Pleas of Philadelphia County
Family Court at No(s):  51-FN-000971-2015, CP-51-AP-0001193-2017

BEFORE:   OLSON, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.:                         **FILED JULY 09, 2018**

T.A.P. ("Mother") appeals from the January 9, 2018 order involuntarily terminating her parental rights to her now two-year-old daughter N.D.P. ("Child").  We affirm.

The factual background and procedural history of this case are as follows.  On July 13, 2016, Mother gave birth to Child.  At that time, Mother tested positive for opioids.  She also tested positive for drugs on three occasions in the ten weeks prior to Child's birth.

On July 18, 2016, the Philadelphia Department of Human Services ("DHS") obtained an order of protective custody for Child.  The following day, DHS placed Child in the care of Mother's great-cousin.  On August 2, 2016, the trial court adjudicated Child dependent and referred Mother to several agencies to assist in reunification efforts.

_____
*   Former Justice specially assigned to the Superior Court.

When reunification efforts failed, DHS petitioned to involuntarily terminate Mother's parental rights as to Child. At the conclusion of a termination hearing on January 9, 2018, the trial court terminated Mother's parental rights as to Child.[1],[2] This timely appeal followed.[3]

Mother presents three issues for our review:

1. Whether the trial court erred in terminating [Mother's] parental rights under 23 Pa.C.S.A. [§] 2511(a)(1) . . . ?

2. [Whether the trial court erred in terminating Mother's parental rights under 23 Pa.C.S.A. §§ 2511(a)(2), (5), and (8)]?

3. Whether the evidence was sufficient to establish that termination of [Mother's] parental rights would best serve [Child's] needs and welfare . . . ?

Mother's Brief at 5 (certain capitalization omitted).

We review an order involuntarily terminating parental rights for an abuse of discretion. *In re C.M.C.*, 140 A.3d 699, 704 (Pa. Super. 2016) (citations omitted). "The party seeking termination must prove by clear and

_____

[1] We note that Yolanda Houston, Esquire was appointed guardian *ad litem* for Child and Daniel Silver, Esquire was appointed as Child's legal counsel. Both Attorneys Houston and Silver attended the termination hearing on behalf of Child.

[2] On January 9, 2018, the trial court also entered orders terminating the parental rights of unknown putative father and of K.P. ("Father"). Father did not appeal the order terminating his parental rights and he is not a party to this appeal.

[3] Mother's three appellate issues were included in her concise statement of errors complained of on appeal she filed contemporaneously with her notice of appeal. *See* Pa.R.A.P. 1925(a)(2)(i), (b).

convincing evidence that the parent's conduct satisfies the statutory grounds for termination[.]" *In re Adoption of J.N.M.*, 177 A.3d 937, 942 (Pa. Super. 2018), *appeal denied*, 183 A.3d 979 (Pa. 2018) (citation omitted).

"In order to affirm the termination of parental rights, this Court need only agree with any one subsection under [s]ection 2511(a)." *In re Interest of D.F.*, 165 A.3d 960, 966 (Pa. Super. 2017), *appeal denied*, 170 A.3d 991 (Pa. 2017) (citation omitted). The trial court found that the requirements of subsections 2511(a)(1), (2), (5), and (8) were satisfied. We focus our attention on subsection 2511(a)(8), which provides that a parent's rights to a child may be involuntarily terminated if

> [t]he child has been removed from the care of the parent by the court or under a voluntary agreement with an agency, 12 months or more have elapsed from the date of removal or placement, the conditions which led to the removal or placement of the child continue to exist[,] and termination of parental rights would best serve the needs and welfare of the child.

23 Pa.C.S.A. § 2511(a)(8).

In this case, there is no dispute that Child was removed from Mother's care for at least 12 months at the time of the termination hearing. Hence, we initially focus our inquiry on whether the conditions which led to Child's removal from Mother's care continued to exist at the time the trial court terminated Mother's parental rights. The trial court found that Mother was still addicted to illegal drugs, was mentally unstable, and was failing to pursue meaningful employment opportunities. These factual findings are supported by the record. *See* N.T., 1/9/18, at 7-16. As these circumstances prompted

DHS to remove Child from Mother's care, DHS proved by clear and convincing evidence that termination was appropriate under subsection 2511(a)(8).

Having determined that DHS proved by clear and convincing evidence the requisite factors under subsection 2511(a)(8), we next consider section 2511(b)'s requirements. The focus in terminating parental rights under section 2511(a) is on the parent, but the focus under section 2511(b) is on the child. **See In re M.Z.T.M.W.**, 163 A.3d 462, 464 (Pa. Super. 2017) (citation omitted).

> Section 2511(b) focuses on whether termination of parental rights would best serve the developmental, physical, and emotional needs and welfare of the child. As this Court has explained, Section 2511(b) does not explicitly require a bonding analysis and the term bond is not defined in the Adoption Act. Case law, however, provides that analysis of the emotional bond, if any, between parent and child is a factor to be considered as part of our analysis. While a parent's emotional bond with his or her child is a major aspect of the []section 2511(b) best-interest analysis, it is nonetheless only one of many factors to be considered by the court when determining what is in the best interest of the child.

**In re Adoption of C.D.R.**, 111 A.3d 1212, 1219 (Pa. Super. 2015) (internal quotation marks and citations omitted). Moreover, "[c]ommon sense dictates that courts considering termination must also consider whether the children are in a pre-adoptive home and whether they have a bond with their foster parents." **In re T.S.M.**, 71 A.3d 251, 267 (Pa. 2013) (citation omitted).

The trial court found that no bond existed between Mother and Child. This factual finding is supported by the record. **See** N.T., 1/9/18, at 10. Mother relies on a line of cases holding that the lack of a bond does not *ipso*

*facto* prove that termination is in a child's best interest. ***See*** Mother's Brief at 14. This is a correct statement of the law but is inapposite in our analysis of section 2511(b). The trial court considered other best interest factors and found that they weighed in favor of terminating Mother's parental rights.

The trial court found that Child and Mother's great-cousin, *i.e.*, her foster parent, had a bond. This finding is supported by the record. ***See*** N.T., 1/9/18, at 9-10. The trial court also found Mother's great-cousin provided a caring, nurturing, and loving environment. This finding is supported by the record. ***See id.*** at 9-10, 13-14. On the other hand, the trial court found that if Child lived with Mother she would be exposed to drugs and lack basic necessities. Again, this finding is supported by the record. ***See id.*** at 6-8. Hence, the trial court concluded that terminating Mother's parental rights would help Child's developmental, physical, and emotional needs. Based on the factual findings supported by the record, this legal conclusion was correct. Accordingly, we affirm the order involuntarily terminating Mother's parental rights as to Child.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/9/18