J-S23017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: M.T.E.L., JR. A/K/A M.L., A MINOR | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: M.L., FATHER | : : : : : : | |
| | : | No. 3839 EDA 2017 |

Appeal from the Order October 31, 2017
In the Court of Common Pleas of Philadelphia County Family Court at
No(s):  CP-51-AP-0001119-2016,
CP-51-DP-0001360-2015

BEFORE:   SHOGAN, J., NICHOLS, J., and STEVENS*, P.J.E.

CONCURRING AND DISSENTING MEMORANDUM BY SHOGAN, J.:   **FILED JULY 23, 2018**

I agree with the Majority that the competent evidence of record supports termination of Father's parental rights pursuant to 23 Pa.C.S. § 2511(a)(2). Majority Memorandum at 14.  I am compelled to disagree, however, that Father's argument set forth in his brief that the trial court erred in concluding termination is appropriate under Section 2511(b) is waived.  *Id*. at 15.

The Majority relies upon *In re M.Z.T.M.W.*, 163 A.3d 462, 466 n.3 (Pa. Super. 2017), where the mother failed to raise an issue regarding Section 2511(b) in her Rule 1925(b) statement and her statement of questions involved in her brief.  The *M.Z.T.M.W.* panel found waiver of the Section 2511(b) issue that the mother presented in her summary of the argument and argument sections of her brief, despite the trial court having

_____

* Former Justice specially assigned to the Superior Court.

analyzed the claim in its findings of fact and conclusions of law. *M.Z.T.M.W.*, 163 A.3d at 465; *M.Z.T.M.W.* Trial Court Opinion, 1/23/17, at 8–9. We note, however, that the *M.Z.T.M.W.* panel relied on case law outside of the family law arena to support its finding of waiver. *M.Z.T.M.W.*, 163 A.3d at 466.

Furthermore, the rights involved in a termination-of-parental-rights case, and the potentially deleterious effect on the child's well being, are too important to ignore based on procedural irregularities. In the instant case, Father devoted one-half of his argument in his brief to the needs and welfare of Child. Father's Brief at 17–20. While the Majority acknowledges the existence of *In re C.L.G.*, 956 A.2d 999 (Pa. Super. 2008) (*en banc*), it fails to rely on this *en banc* Court's refusal to find waiver therein. Both the majority and dissenting opinions in *C.L.G.* considered whether the trial court correctly analyzed 23 Pa.C.S. § 2511(b), even though the mother therein did not raise the issue. *C.L.G.*, 956 A.2d at 1010; *C.L.G.* 956 A.2d at 1014 n.6 (Bender, J., dissenting) ("We do not disagree with the Majority that consideration of the needs and welfare of the child **is mandated** by section 2511(b) in all termination cases even when not challenged on appeal to this Court.") (emphasis added). Thus, on this point, the *en banc* court was unanimous.

It bears noting that pursuant to *stare decisis* principles, "an *en banc* panel of an intermediate court is authorized to overrule a three-judge panel decision of the same court." *McGrath v. Bureau of Professional and Occupational Affairs, State Board of Nursing*, 173 A.3d 656, 661 (Pa.

- 2 -

2017); *see also Commonwealth v. Morris*, 958 A.2d 569, 580 n.2 (Pa. Super. 2008) (*en banc*) (It is well settled that Superior Court sitting *en banc* may overrule a decision of a three-judge panel of Superior Court). Therefore, it is clear that "precedent (*stare decisis*) requires" adherence by a Superior Court panel "until it is reversed either by our Supreme Court or an *en banc* panel of Superior Court." *Commonwealth v. Brigidi*, 6 A.3d 995, 1001 (Pa. Super. 2010) (citing *Commonwealth v. Crowley*, 605 A.2d 1256, 1257 (Pa. Super. 1992)). "A Superior Court panel is bound to follow the controlling precedent of the Superior Court . . . [and] has no authority to overrule a decision of the Superior Court, although the Superior Court, sitting *en banc*, may overrule the decision of a three-judge Superior Court panel." Appellate Considerations, 16B West's Pa. Prac., Criminal Practice § 33:23 (footnotes and internal citations omitted). This Court has stated, "As a court *en banc*, we are not bound to follow a superior court panel opinion." *Commonwealth v. Snyder*, 761 A.2d 584, 590 (Pa. Super. 2000) (citing *Neilson v. Nationwide Insurance Co.*, 738 A.2d 490 (Pa. Super. 1999)). *En banc* decisions, therefore, are precedential for three-judge panels of this Court.

We reiterate it is well established that "once the statutory grounds for termination [of parental rights] have been met under Section 2511(a), the court **must consider** whether termination serves the needs and welfare of the child, pursuant to Section 2511(b)." *C.L.G.*, 956 A.2d at 1009 (emphasis in original). Therefore, consideration of Section 2511(b) is a prerequisite to a

- 3 -

trial court's involuntary termination of parental rights. Similarly, this Court has indicated that on appeal, we should review whether the trial court's evaluation of the needs and welfare of the child are met by termination of parental rights despite improper preservation of the issue. *Id*.

Here, Father raised the issue of Section 2511(b) in his brief, Appellant's Brief at 11–12, 18–20, and the trial court addressed the claim in its Pa.R.A.P. 1925(a) opinion. Trial Court Opinion, 1/30/18, at 19–21. In reliance on *C.L.G.*, I would not find waiver. However, because the record supports the trial court's determination that termination of Father's parental rights best serves Child's interest, I agree with the Majority that the order should be affirmed.