J-A21040-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: D.A.D, A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: A.K., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 493 MDA 2025 |

Appeal from the Order Entered April 8, 2025
In the Court of Common Pleas of Franklin County Juvenile Division at
No(s):  CP-28-DP-0000062-2024

BEFORE:   PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:            **FILED SEPTEMBER 17, 2025**

Appellant, A.K. ("Mother"), appeals from the April 8, 2025, order of adjudication and disposition that established the permanency goal of adoption with a concurrent goal of permanent legal custody with respect to her infant son, D.A.D. ("Child"), born in November 2024.[1]  Upon review, we affirm.

The juvenile court aptly set forth the relevant facts and procedural history, as follows:

> Child was removed by Franklin County Children and Youth Services (["CYF" or] "the Agency") from the care of Parents on November 29, 2024, . . . because Mother was recently convicted on numerous criminal charges related to the physical abuse of their two older children.  Additionally, Parents' parental rights had

---

[*] Former Justice specially assigned to the Superior Court.

[1] Child's father, D.D. ("Father," collectively with Mother, "Parents"), did not file an appeal and did not participate in the instant appeal.

been involuntarily terminated as to those children. A shelter care hearing was scheduled for December 2, 2024.

The Agency filed an application for emergency protective custody, shelter care application and dependency petition on December 2, 2024, alleging Child was without proper care or control and born to a parent whose parental rights with regard to another child have been involuntarily terminated. . . .

The Agency also filed a motion for a finding of aggravated circumstances on December 2, 2024, alleging that Mother's two older children[, A.D. and D.D.,] were found by clear and convincing evidence to be the victims of child abuse and alleging Mother had been found guilty of first-degree felony aggravated assault on November 19, 2024, with respect to injuries sustained by one of the children. The motion also alleged Mother's parental rights had been terminated as to [A.D. and D.D.,] on February 1, 2024.

Juvenile Court Opinion, 5/8/25, at 1-3 (cleaned up).

Following two continuances, the juvenile court held a combined adjudication and aggravated circumstances hearing on April 4, 2025. Mother, who was then incarcerated for the above-described felony conviction, *inter alia*, was present and represented by counsel. Father, while not present, was also represented by counsel. Child was represented by a guardian *ad litem* ("GAL"). CYF presented the testimony of its caseworker, Stacey Hosfelt. The Agency also presented five exhibits, which were admitted without objection. Mother testified on her own behalf.

The testimonial and documentary evidence revealed that A.D. and D.D. were both adjudicated dependent in July 2019, when they were ages five and three. After Mother completed various court-ordered services, the juvenile court reunified A.D. and D.D. with her in August 2021.

Thereafter, in May 2022, the staff at A.D.'s and D.D.'s elementary school informed CYF that the children were both presenting with unexplained and escalating bruises. Consequently, A.D. and D.D. were once again removed from Mother's care and adjudicated dependent on July 7, 2022. Ultimately, the juvenile court found that aggravated circumstances existed as to Mother with respect to A.D. and D.D. due to: (1) Mother's physical abuse of A.D. and D.D.; (2) Mother's failure to protect the children from similar abuse inflicted by her then-paramour; and (3) Mother neglecting to obtain prompt and appropriate medical treatment for A.D. and D.D.'s injuries. *See Interest of A.D.*, *et al.*, 303 A.3d 775, at *6-*7 (Pa.Super. 2023) (Table); *see also* 42 Pa.C.S.A. § 6302(2). Mother appealed, and this Court affirmed the juvenile court's finding of aggravated circumstances. *See generally id.* at *1-*9.

On February 1, 2024, by separate decrees, the juvenile court involuntarily terminated the parental rights of Mother to A.D. and D.D. Mother appealed, and this Court affirmed the decrees on September 13, 2024. *See In re Adoption of A.N.D.*, 328 A.3d 498, 2024 WL 4182578 (Pa. Super. 2024) (unpublished memorandum).

Following A.D. and D.D.'s removal from Mother's care, they were interviewed by Over the Rainbow, a child advocacy center. The Pennsylvania State Police also initiated an investigation. *See* CYF Exhibit B. According to the affidavit of probable cause, during his interview D.D. stated "[Mother and

J.W.] hit me everywhere."[2]  ***Id.***  A.D. stated in her interview that Mother and J.W. forced the children to stand in the corner "sometimes morning to night." ***Id.***  She stated that the physical abuse happened every day and that Mother would strike her with her hands and a belt.  ***See id.***  Ultimately, Mother was criminally charged in June 2022.

On November 19, 2024, following a trial, Mother was convicted of aggravated assaulted pursuant to 18 Pa.C.S.A. § 2702(a)(9), a first-degree felony;[3] two counts of endangering the welfare of children pursuant to 18 Pa.C.S.A. § 4304(b)(ii); two counts of terroristic threats pursuant to 18 Pa.C.S.A. § 2706; two counts of corruption of minors pursuant to 18 Pa.C.S.A. § 6301; and two counts of simple assault pursuant to 18 Pa.C.S.A. § 2701(b)(2).  The criminal court sentenced Mother to a minimum of seven-and-one-half years in prison.[4]  ***See*** N.T., 4/4/25, at 21; ***see also*** CYF Exhibit E.

Based on the foregoing evidence, by order of adjudication and disposition dated April 7, 2025, and entered April 8, 2025, the juvenile court adjudicated Child dependent pursuant to 42 Pa.C.S.A. § 6302(1) (concerning dependency based upon a lack of proper care or control).  The juvenile court

---

[2] J.W. is a former paramour of Mother.

[3] Mother was found not guilty of the same crime related to D.D.

[4] Mother has filed an appeal, docketed at 537 MDA 2025, which is pending before this Court.

established Child's permanency goal as adoption with a concurrent goal of permanent legal custody. In this order, the juvenile court made a finding of aggravated circumstances as to Parents. *See* Order of Adjudication and Disposition, 4/7/25, at 4 ("Aggravated [c]ircumstances exist with respect to both parents as further set forth in a separate Aggravated Circumstances Order entered contemporaneously here within.").

By separate order dated April 7, 2025, and entered April 8, 2025, the juvenile court addressed and found aggravated circumstances exist as to Mother with respect to Child due to: (1) the prior finding of physical abuse with respect to A.D. and D.D.; (2) Mother's conviction for aggravated assault committed against a child victim; and (3) the prior involuntary termination of her parental rights to A.D. and D.D. *See* Aggravated Circumstances Order, 4/7/25, at 1-2; *see also* 42 Pa.C.S.A. §§ 6302(2), (3)(ii), (5), and 6341(c.1). This order also directed that "[n]o efforts are to be made to preserve the family and reunify" Child with Parents. Aggravated Circumstances Order, 4/7/25, at 2.

Thereafter, Mother timely filed a notice of appeal solely from the order of adjudication and disposition. Mother did not file a separate appeal with respect to the aggravated circumstances order.[5] Mother also timely submitted

---

[5] This Court has explained that a finding of aggravated circumstances is a collateral order that is immediately appealable as of right. *See Interest of A.D.-G.*, 263 A.3d 21, 26 n.4 (Pa. Super. 2021) (citing *In re R.C.*, 945 A.2d
*(Footnote Continued Next Page)*

a concise statement of errors complained of on appeal pursuant to Pa.R.A.P.

1925(a)(2)(i) and (b).  In response, the juvenile court filed a Rule 1925(a)

opinion on May 8, 2025.

Mother presents one issue for our review, as follows:

Did the [c]ourt err by changing the permanency goal from reunification to adoption as same was not supported by clear and convincing evidence, a standard that requires "evidence that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue?"

Mother's Brief at 3.[6/7]

We review the findings of the juvenile court in dependency cases for an

"abuse of discretion," as follows:

[T]he standard of review in dependency cases requires an appellate court to accept the findings of fact and credibility

---

182, 184 (Pa. Super. 2008); **see also** Pa.R.A.P. 313(b).  However, this Court has previously concluded that there is no need for a litigant to appeal both a permanency review order and a related aggravated circumstances order where "the court placed its finding that aggravated circumstances exist" in the permanency review order. **Interest of D.D.**, 240 A.3d 906, at *9 (Pa. Super. 2020) (Table).  Instantly, the juvenile court similarly placed the aggravated circumstances finding in its order. **See** Order of Adjudication and Disposition, 4/7/25, at 4 ("Aggravated [c]ircumstances exist with respect to both parents as further set forth in a separate Aggravated Circumstances Order entered contemporaneously here within.").  Thus, we discern no issue with the scope of Mother's arguments.

[6] Mother incorrectly states that the juvenile court changed Child's permanency goal from reunification to adoption.  Mother's appeal is from the order of adjudication and disposition; therefore, her challenge is to the establishment of the permanency goal of adoption.

[7] Child's GAL filed a brief in support of affirming the order of adjudication and disposition.

determinations of the trial court if they are supported by the record[] but does not require the appellate court to accept the lower court's inferences or conclusions of law.

*In re R.J.T.*, 608 Pa. 9, 26-27, 9 A.3d 1179, 1190 (2010) (citations omitted);

*see also In the Interest of L.Z.*, 631 Pa. 343, 360, 111 A.3d 1164, 1174

(2015).

Section 6351 of the Juvenile Act controls the disposition of dependent children. Preliminarily, we acknowledge that one of the stated purposes of the Juvenile Act is "to preserve the unity of the family whenever possible. . . ." 42 Pa.C.S.A. § 6301(b)(1). Notwithstanding, "all family reunification may cease in the presence of a finding of aggravated circumstances." *In re M.S.*, 980 A.2d 612, 615 (Pa. Super. 2009); *see also* 42 Pa.C.S.A. § 6341(c.1). With respect to aggravated circumstances adjudications, Section 6341(c.1) provides as follows:

> **(c.1) Aggravated circumstances.--**If the county agency or the child's attorney alleges the existence of aggravated circumstances and the court determines that the child is dependent, the court shall also determine if aggravated circumstances exist. If the court finds from clear and convincing evidence that aggravated circumstances exist, **the court shall determine whether or not reasonable efforts to prevent or eliminate the need for removing the child from the home or to preserve and reunify the family shall be made or continue to be made** and schedule a hearing as required in section 6351(e)(3) (relating to disposition of dependent child).

42 Pa.C.S.A. § 6341(c.1) (emphasis added). The Juvenile Act defines "aggravated circumstances" as follows, in relevant part.

> **"Aggravated circumstances."** Any of the following circumstances:

. . .

(2) The child or another child of the parent has been the victim of physical abuse resulting in serious bodily injury, sexual violence or aggravated physical neglect by the parent.

(3) The parent of the child has been convicted of any of the following offenses where the victim was a child:

. . .

(ii) a felony under 18 Pa.C.S. § 2702 (relating to aggravated assault), 3121 (relating to rape), 3122.1 (relating to statutory sexual assault), 3123 (relating to involuntary deviate sexual intercourse), 3124.1 (relating to sexual assault) or 3125 (relating to aggravated indecent assault).

. . .

(5) The parental rights of the parent have been involuntarily terminated with respect to a child of the parent.

42 Pa.C.S.A. § 6302(2), (3)(ii), (5).

On appeal, Mother argues that the juvenile court erred in establishing Child's permanency goal as adoption and not reunification. However, Mother fails to address Section 6341(c.1), or the definition of aggravated circumstances under Section 6302, in the argument section of her brief. Rather, Mother provides two passing citations to statutes concerning the rights of incarcerated parents that are tangential, at best, to her argument. ***See*** Mother's Brief at 9 (citing 42 U.S.C. 675 and 42 Pa.C.S.A. § 6351(f.1) for the proposition that "incarcerated parents and their children have the right to

maintain a relationship including visitation and to actively participate in family service planning."). Overall, Mother does not even acknowledge the court's finding that aggravated circumstances exist as to Parents in this case. As such, Mother has failed to develop an argument in her brief that is supported by citations to relevant legal authority. Therefore, we conclude that her claim is waived. *See In re M.Z.T.M.W.*, 163 A.3d 462, 465-66 (Pa. Super. 2017) (citations omitted) ("It is well-settled that this Court will not review a claim unless it is developed in the argument section of an appellant's brief, and supported by citations to relevant authority."). Accordingly, we affirm the order of adjudication and disposition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/17/2025