J-S08030-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| KIMEISHA MCLAREN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHARIF GIVENS | : | |
| | : | |
| Appellant | : | No. 2739 EDA 2025 |

Appeal from the Order Entered September 24, 2025
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2024-28368

BEFORE:  PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

JUDGMENT ORDER PER CURIAM:                    **FILED JUNE 15, 2026**

Sharif Givens (Father) appeals *pro se* from the order entered by the Montgomery County Court of Common Pleas which awarded him primary physical custody and awarded Kimeisha McLaren (Mother) partial physical custody of their now twelve-year-old son, S.G. (the Child).  The order also awarded Father and Mother shared legal custody.  After review, we dismiss.

The underlying facts of this case are immaterial to our disposition because substantial defects in Father's brief preclude meaningful appellate review.  Nevertheless, we briefly note that the dispute here relates to custody of the Child, Father's contempt allegations against Mother, and Mother's request to relocate.  After a two-day trial, the trial court entered the subject custody order, and Father timely filed this appeal.

Father has failed to comply with many of our procedural rules.  Father failed to file a concise statement of errors complained of on appeal

contemporaneously with his notice of appeal (or at any time thereafter), as required in children's fast-track cases. *See* Pa.R.A.P. 1925(a)(2)(i). Father filed his brief in this Court late on January 14, 2026, a week after his extended briefing deadline of January 7, 2026.

As to Father's late brief, we note appellate briefs must materially conform with the requirements of our Rules of Appellate Procedure. *See* Pa.R.A.P. 2101. If an appellate brief or reproduced record fails to conform to our rules, and the defects are substantial, we may quash or dismiss the appeal. *See id.*

The Appellate Rules "state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." *Coulter v. Ramsden*, 94 A.3d 1080, 1088 (Pa. Super. 2014) (citations omitted); *see also* Pa.R.A.P. 2111 (listing requirements for an appellant's brief) and Pa.R.A.P. 2119 (listing requirements for the argument section of an appellate brief). Where "an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *See B.S.G. v. D.M.C.*, 255 A.3d 528, 535 (Pa. Super. 2021) (citation omitted). The argument section of an appellate brief must be developed with citation to the record and relevant authority. Pa.R.A.P. 2119(a)-(c). This Court will not act as an advocate or develop arguments on behalf of an appellant. *Interest of R.H.*, 320 A.3d 706, 716 (Pa. Super. 2024) ("It is not the obligation of this Court [] to formulate Appellant's arguments for him." (citation omitted)). Nor

will we scour a record to find evidence to support an appellant's argument; instead, we will find the issue waived. ***See Milby v. Pote***, 189 A.3d 1065, 1079 (Pa. Super. 2018) (citation omitted).

Father's *pro se* status does not relieve him of his obligation to adhere to our Rules. "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." ***Commonwealth v. Vurimindi***, 200 A.3d 1031, 1037 (Pa. Super. 2018) (citation omitted). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." ***Id.*** at 1037-38 (citation omitted).

Here, Father's brief utterly fails to comply with our Rules.[1] His brief lacks nearly every requirement of Rule 2111 including a statement of jurisdiction, order or other determination in question, statement of the questions involved, statement of the case, summary of the argument, and argument. ***See*** Pa.R.A.P. 2111(a).

Because Father's brief does not contain a statement of the questions involved, it is impossible for us to discern what issues Father is attempting to raise on appeal. Thus, he has waived all issues. ***See*** Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."); ***In re M.Z.T.M.W.***, 163 A.3d 462,

_____

[1] Mother has filed an application to strike Father's brief on this basis.

466 (Pa. Super. 2017) (It "is well-settled that issues not included in an appellant's statement of questions involved and concise statement of errors complained of on appeal are waived." (citation omitted)).

Further, instead of a labeled argument section, Father's brief contains nearly one hundred pages of numbered paragraphs, with occasional headings that do not actually raise discernable issues. **See generally** Father's Brief. Father's brief also does not contain a copy of his Rule 1925(b) concise statement (because he did not file one), nor does it contain the certificates of compliance required by Appellate Rules 127 and 2135(d). Pa.R.A.P. 2111(a)(12).

Moreover, Father's "argument" is substantially underdeveloped and lacks meaningful discussion of, or citation to, relevant legal authority. Father makes numerous bald allegations and conclusory statements, without citations for support. His argument section contains no citations to the record. **See** Pa.R.A.P. 2119(c). Although Father broadly references some legal authority, he fails to provide a cogent, let alone persuasive, analysis as to how that authority affords him relief based on the facts of his case. **See B.S.G., supra**. Thus, Father has failed to raise any issues or apply the law to the facts of his case in a meaningful and coherent manner as required by our Rules of Appellate Procedure and case law. **See** Pa.R.A.P. 2119. Therefore, we dismiss this appeal.

Appeal dismissed. Mother's Application to Strike denied as moot.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>6/15/2026</u>