J-S22042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: J.P., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: R.P., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 49 MDA 2019 |

Appeal from the Order Entered December 3, 2018
In the Court of Common Pleas of York County Juvenile Division at No(s):
2018-0018a,
CP-67-DP-0000561-2006

| | | |
|---|---|---|
| IN THE INTEREST OF: J.P., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: R.P., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 50 MDA 2019 |

Appeal from the Order Entered December 3, 2018
In the Court of Common Pleas of York County Orphans' Court at No(s):
2018-0018a

BEFORE:   SHOGAN, J., DUBOW, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:        **FILED: MAY 21, 2019**

R.P. (Father) appeals from a decree terminating his parental rights to

his 15-year-old daughter J.P. (Child).  On this direct appeal, court-appointed

counsel has filed an application to withdraw and a brief pursuant to ***Anders***

***v. California***, 386 U.S. 738 (1967) and ***In re V.E.***, 611 A.2d 1267 (Pa. Super.

_____
*   Retired Senior Judge assigned to the Superior Court.

1992).[1]  We conclude that Father's counsel complied with the procedural requirements necessary to withdraw.  Furthermore, after independently reviewing the record, we conclude that the appeal is wholly frivolous.  We, therefore, grant counsel's application to withdraw and affirm the decree terminating Father's parental rights.

The Child was born in 2003.  On March 3, 2016, the York County Office of Children Youth and Families (CYS) filed an Application for Emergency Protective Custody alleging substance abuse by Father.  In a Shelter Care Order dated March 7, 2016, the Common Pleas Court (trial court) granted legal and physical custody of the Child to CYS and the Child was to be placed in foster care.  On April 21, 2016, the Child was adjudicated dependent with an established goal of reunification with Father.  The mother of the Child is deceased.  The Child has remained dependent since April 21, 2016.

On February 26, 2018, CYS filed a Petition to Change Court Ordered Goal and a Petition for Involuntary Termination of Parental Rights (TPR petition).  Evidentiary hearings on the TPR petition were held on July 9, 2018, July 17, 2018, October 3, 2018, and November 3, 2018, where testimony and

---

[1] In **In re V.E.,** 611 A.2d 1267, 1275 (Pa. Super. 1992), this Court extended the **Anders'** principles to appeals involving the termination of parental rights.

evidence relating to Father's compliance with the Family Service Plans was presented.[2]

At those hearings, the Child and a number of employees of social agencies testified. On December 3, 2018, the trial judge terminated Father's parental right with respect to the Child and custody was awarded to CYS. Father timely filed notices of appeal from the decree and order, along with concise statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b).[3]

In the **Anders** brief on appeal, Counsel raises the following issues:

I. Whether the court abused its discretion in finding that the York County Office of Children, Youth and Families established by clear and convincing evidence that the statutory grounds existed to justify terminating the parental rights of the biological father pursuant to 23 Pa.C.S.A. § 2511[(a)(1), (2), (5), and (8)?]

II. Whether the court erred by changing the court[-]ordered goal from reunification to adoption[?]

---

[2] At the hearing, the Child had representation by both a legal interest counsel and a guardian ad litem. **See In re Adoption of L.B.M.**, 639 Pa. 428, 441-442, 446, 161 A.3d 172, 174-75, 180 (2017) (plurality) (stating that, pursuant to 23 Pa.C.S.A. § 2313(a), a child who is the subject of a contested involuntary termination proceeding has a statutory right to counsel who discerns and advocates for the child's legal interests, defined as a child's preferred outcome; attorney had ascertained the child's legal interests prior to the hearing). Here, the Child testified as to her preferred outcome.

[3] We note that Father filed separate notices of appeal. **See Commonwealth v. Walker**, ___ Pa. ___, 185 A.3d 969 (2018). On January 31, 2019, this Court, acting *sua sponte*, consolidated Father's separate notices of appeal for the termination decree and goal change order.

*Anders* Brief, at 4.[4]

## I.

Before reviewing the merits of this appeal, we must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. *See Commonwealth v. Blauser*, 166 A.3d 428, 431 (Pa. Super. 2017) (citation omitted). To withdraw under *Anders*, court-appointed counsel must file a petition averring that after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal, along with any other issues necessary for the effective

---

[4] Father waived any challenge to the sufficiency of the evidence to support the termination of his parental rights to the Child under Section 2511(b) by his failure to raise the issue in his concise statement of errors complained of on appeal and in his statement of issues involved in his brief. *See Krebs v. United Refining Company of Pennsylvania*, 893 A.2d 776, 797 (Pa. Super. 2006) (holding that an appellant waives issues that are not raised in both his concise statement of errors complained of on appeal and the statement of questions involved in his brief on appeal). *See M.Z.T.M.W.*, 163 A.3d 462, 466, n. 3 (Pa. Super. 2017) (holding that an appellant waives issues that are not raised in both his concise statement of errors complained of on appeal and the statement of questions involved in his brief on appeal). However, this Court has stated, "[o]nce counsel has satisfied the above requirements [for a motion to withdraw and *Anders* brief], it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Goodwin*, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (quoting *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004)). *See Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (following *Goodwin*). Thus, we may address whether CYS established the grounds for the termination of Father's parental rights under Section 2511(b) as part of our independent review.

appellate presentation thereof. Appointed counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se*, or raise any additional points worthy of this Court's attention. **Commonwealth v. Cook**, 175 A.3d 345, 348 (Pa. Super. 2017).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Commonwealth v. Santiago**, 978 A.2d 349, 355 n.5 (Pa. 2009) (citation omitted). It is only when both the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw. In the case at bar, counsel has met all of the above procedural obligations. We now turn to whether this appeal is wholly frivolous.

## II.

## A.

We review an order involuntarily terminating parental rights for an abuse of discretion. **In re G.M.S.**, 193 A.3d 395, 399 (Pa. Super. 2018) (citation omitted). "The party seeking termination must prove by clear and convincing evidence that the parent's conduct satisfies the statutory grounds for termination[.]" **In re Adoption of J.N.M.**, 177 A.3d 937, 942 (Pa. Super. 2018), *appeal denied*, 183 A.3d 979 (Pa. 2018) (citation omitted).

The first issue raised in counsel's **Anders** brief is whether the trial court erred in concluding that the requirements of Section 2511(a) were satisfied. "In order to affirm the termination of parental rights, this Court need only agree with any one subsection under [s]ection 2511(a)." **In re Interest of D.F.**, 165 A.3d 960, 966 (Pa. Super. 2017), *appeal denied*, 170 A.3d 991 (Pa. 2017) (citation omitted). The trial court found that the requirements of Sections 2511(a)(2), (5) and (8) were satisfied. We focus our attention on Section 2511(a)(8), which provides that a parent's rights to a child may be involuntarily terminated if:

> [t]he child has been removed from the care of the parent by the court or under a voluntary agreement with an agency, 12 months or more have elapsed from the date of removal or placement, the conditions which led to the removal or placement of the child continue to exist[,] and termination of parental rights would best serve the needs and welfare of the child.

23 Pa.C.S. § 2511(a)(8).

In this case, there is no dispute that the Child was removed from Father's care for at least 12 months at the time of the termination hearing. Hence, we initially focus our inquiry on whether the conditions which led to the Child's removal from Father's care continued to exist at the time the trial court terminated the mother's parental rights. As noted above, the Child was removed from Father's care because of his drug use.

Our independent review of the evidence supports the trial court finding that clear and convincing evidence shows the conditions that led to the Child being found dependent continue to exist. As the trial court cogently stated:

Since the [Child's] placement in January 2016, Father has consistently denied snorting any crushed pills despite both the [Child] and her brother [testifying] that they witnessed Father engaged in said activity. Father has made repeated statements to the [Child] that it is her fault that she was placed in the Agency's care in the first place. Father has blamed the [Child] for the poor relationship between Father and the [Child], and has consistently failed to acknowledge his wrongdoings and responsibility for the [Child] being placed with the Agency. The Agency has proven by clear and convincing evidence that Father failed to perform any significant parental duties for the [Child] since approximately January 2017. Since that time, he has neither attended any school functions or doctor/dental appointments for the [Child] nor has he sent the [Child] any gifts, cards or letters. In addition, Father and the [Child] have not visited with one another since May 15, 2018, and have only engaged in minimal contact via text message since June 2018.

(Trial Court Adjudication, 12/03/18, at 15).

Having determined that CYS proved by clear and convincing evidence the requirements of Section 2511(a)(8), we next consider Section 2511(b)'s requirements.

**B.**

The focus in terminating parental rights under Section 2511(a) is on the parent, but the focus under Section 2511(b) is on the child. **See In re M.Z.T.M.W.**, 163 A.3d 462, 464 (Pa. Super. 2017) (citation omitted).

Section 2511(b) focuses on whether termination of parental rights would best serve the developmental, physical, and emotional needs and welfare of the child. As this Court has explained, Section 2511(b) does not explicitly require a bonding analysis and the term bond is not defined in the Adoption Act. Case law, however, provides that analysis of the emotional bond, if any, between parent and child is a factor to be considered as part of our analysis. While a parent's emotional bond with his or her child is a major aspect of the [ ]section 2511(b) best-interest analysis, it is nonetheless only one of many factors to be considered by the

- 7 -

court when determining what is in the best interest of the child.

*In re Adoption of C.D.R.*, 111 A.3d 1212, 1219 (Pa. Super. 2015). Moreover, "[c]ommon sense dictates that courts considering termination must also consider whether the children are in a pre-adoptive home and whether they have a bond with their foster parents." *In re T.S.M.*, 71 A.3d 251, 267 (Pa. 2013) (citation omitted).

The Child testified at the TPR hearing *in camera*, because the trial court found that if forced to testify in the presence of Father, the Child would suffer extreme emotional harm and would be challenged to answer all questions fully. *Id.* at 22, 24. The Child testified that she wished for Father's parental rights to be terminated and to remain with her foster mother, K.H. *Id.* at 24, 47-48. The trial stated that it had thoroughly evaluated the Child's relationships in this matter aptly stating:

> The Court finds that the minor child does not have a parental relationship with Father. The Court finds that the minor child has a much stronger parental bond with the foster mother and that the minor child looks to the foster mother for safety and comfort. Additionally, it is the foster mother who provides for the minor child's daily needs as well as any specialized developmental, education, and medical needs. The Court also finds that the bond between the minor child and foster mother is strong and healthy. Testimony established that the child is happy and feels comfortable in the foster mother's care. The bond that the minor child has with the foster mother can provide safety, security and permanency for the child. Termination of Father's parental rights will best meet the needs of the minor child and permit the child to achieve the stability she deserves.

(Trial Court Adjudication, at 18-19.

Based on the foregoing, we conclude that the issues raised in counsel's

***Anders*** brief are wholly frivolous. Furthermore, after an independent review of the entire record, we conclude that no other issue of arguable merit exists. Therefore, we grant counsel's request to withdraw. Having determined that the issues raised on appeal are wholly frivolous, we affirm the decree terminating Father's parental rights.

Application to withdraw as counsel granted. Decree affirmed.

Judge Dubow joins the memorandum.

Judge Shogan concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/21/2019