J-A28031-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: S.B.A., A MINOR | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: D.B, FATHER | : : : : : | |
| | : | No. 724 EDA 2019 |

Appeal from the Order Entered February 7, 2019
in the Court of Common Pleas of Philadelphia County Family Court at
No(s):  51-FN-371120-2009,
CP-51-DP-0015029-2003

BEFORE:   PANELLA, P.J., STABILE, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED FEBRUARY 04, 2020**

Appellant, D.B. ("Father"), files this appeal *pro se* from the shelter care order dated and entered February 7, 2019, in the Philadelphia County Court of Common Pleas, finding sufficient evidence was presented that return of his son, S.B.A., born in June 2002 ("Child"), was not in Child's best interest, and granting the petition of the Philadelphia Department of Human Services ("DHS").[1]  Father additionally files, on December 23, 2019, a petition seeking

---

* Former Justice specially assigned to the Superior Court.

[1] P.C. ("Mother") did not file an appeal of this order, nor did she participate in this appeal.

the release of Child. After review, we affirm the trial court's order and deny

Father's petition.

The trial court summarized the procedural and factual history as follows:

> The relevant facts and procedural history of this case are as follows: Child had been previously adjudicated dependent on 03/04/2016.[2] An OPC [Order of Protective Custody] was obtained on behalf of Child on February 05, 2019.[3] Child is currently placed in a Group Home through St. Francis. In September of 2018, DHS received an allegation that Father was abusing Child. As a result, DHS attempted to remove Child from the home. However, Child became angry and uncontrollable. Consequently, Child was taken to the Crisis Center and hospitalized at Belmont. While at Belmont, Child was diagnosed with a "specific psychotic disorder". Once discharged from Belmont, "[Child] [would have been] able to go back to the home" and receive outpatient services through the "Peace Program". However, while Child was hospitalized, "[Child's] family lost their housing." Prior to the hearing held on November 14, 2018, Child's family regained housing, returning to a former residence. At the November hearing, the DHS worker testified that the home the

---

[2] Child was additionally adjudicated dependent with DHS supervision and services to Mother in 2003. *See* Adjudicatory Hearing and Order, 1/15/03; *see also* Post-Adjudication Hearing and Order, 2/12/03. DHS supervision was discharged on June 30, 2003. *See* Post-Adjudication Hearing and Order, 6/30/03. Thereafter, Child was removed from Mother's care in February 2016. *See* Order of Protective Custody, 2/12/16; *see also* Master Recommendation for Shelter Care/Order, 2/15/16. Child was reunited with Father on January 10, 2018. *See* Order, 1/10/18.

[3] Upon review, while dated February 5, 2019, the OPC was entered February 6, 2019.

family returned to "lacked water and electricity". Consequently, Child was placed at St. Francis.[4], [5]

Trial Court Opinion ("T.C.O."), 8/6/19, at 1-2 (citations to the record omitted).

A subsequent shelter care hearing was held on February 7, 2019. Father and Mother were not present, but were each represented by appointed counsel. The court heard from Nekeisha Bolvin, DHS hotline social worker, and Daquan Jenkins, CUA case manager, Turning Points for Children.[6]

At the conclusion of the hearing, the court entered an order finding sufficient evidence was presented that return of Child to Father was not in Child's best interest, and granting the petition of DHS. Child was recommitted to DHS, and legal and physical custody were returned to DHS.[7]

---

[4] The trial court ordered that an OPC was to be filed once an appropriate treatment foster home was secured. *See* Permanency Review Order, 11/14/18, at 2; *see also* Notes of Testimony ("N.T."), 11/14/18, at 28-29. Notably, at the subsequent shelter care hearing on February 7, 2019, CUA case manager, Turning Points for Children, Daquan Jenkins, testified that Child was rejected from multiple treatment foster care facilities for unknown reasons. N.T., 2/7/19, at 7.

[5] We observe that during the November 14, 2018 permanency review hearing, Father was removed from the courtroom for "disruptive behavior" and held in custody. He was not found in contempt and was ordered released. *See* Permanency Review Order, 11/14/18, at 2.

[6] Child was represented by Frances Odza, Esquire, who was appointed as his counsel on February 12, 2016.

[7] At the time of the most recent permanency review hearing, as reflected in the certified record, Child's commitment was ordered to stand. Legal custody remained with DHS and Child's placement was in a St. Vincent/St. Katherine Group Home. Further, Child's placement goal remained return to parent or guardian. *See* Permanency Review Order, 6/26/19, at 1.

Father, *pro se*, filed a timely notice of appeal on March 4, 2019, along with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). At the time, Father remained represented by appointed counsel, but counsel filed with this Court an application to vacate his appointment, while Father filed a motion to proceed *pro se*. By orders entered on April 5, 2019, we denied counsel's application and Father's motion without prejudice to seek the requested relief in the trial court. Also by order entered April 5, 2019, this Court directed counsel to file an amended Rule 1925(b) statement. We vacated this latter order on April 11, 2019, however, in light of the trial court's subsequent vacation of counsel's appointment. After directing Father to notify this Court in writing as to whether he retained new counsel or would proceed *pro se*, and in consideration of his response, a motion to proceed *pro se*, we granted Father's motion by order entered May 10, 2019.

On appeal, Father raises the following issue for our review:

Does a private corporation[,] DHA [sic] and/or CUA [Community Umbrella Agency][,] have a right to dictate to this man the raising of his biological son? What law supports DHS and/or CUA's interference in this man's life in the raising of his biological son, produce this law?

Father's Brief at iv.

At the outset, our standard of review for dependency cases is as follows:

[T]he standard of review in dependency cases requires an appellate court to accept the findings of fact and credibility determinations of the trial court if they are supported by the record, but does not require the appellate court to accept

the lower court's inferences or conclusions of law. Accordingly, we review for an abuse of discretion.

*In re R.J.T.*, 608 Pa. 9, 26, 9 A.3d 1179, 1190 (2010) (citations omitted); *see also In re L.Z.*, 631 Pa. 343, 360, 111 A.3d 1164, 1174 (2015).

However, before addressing the merits of Father's appeal and any issues raised, we determine whether the issues have been properly preserved for our review. *See Commonwealth v. Wholaver*, 588 Pa. 218, 903 A.2d 1178 (2006) (holding this Court may *sua sponte* determine whether issues have been properly preserved for appeal).

Pennsylvania Rule of Appellate Procedure 1925(a)(2)(i) requires an appellant in a Children's Fast Track matter to submit a Concise Statement of Errors Complained of on Appeal along with the Notice of Appeal. *See* Pa.R.A.P. 1925(a)(2)(i) (stating, "The concise statement of errors complained of on appeal shall be filed and served with the notice of appeal required by Rule 905. . . .").

Where a Rule 1925(b) Statement does not sufficiently identify the issues raised on appeal, we have found waiver of all issues on appeal and explained as follows:

In **Commonwealth v. Lord**, 553 Pa. 415, 719 A.2d 306 (1999), the Pennsylvania Supreme Court specifically held that "from this date forward, in order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to [Pa.R.A.P.] 1925." **Lord**, 719 A.2d at 309. "Any issues not raised in a 1925(b) statement will be deemed waived." **Id.** This Court explained in **Riley v. Foley**, 783 A.2d 807, 813 (Pa.Super. 2001), that Rule 1925 is a crucial component of the appellate process because it allows the trial court to identify and

- 5 -

focus on those issues the parties plan to raise on appeal. This Court has further explained that "a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no Concise Statement at all." *Commonwealth v. Dowling*, 778 A.2d 683, 686-87 (Pa.Super. 2001). "Even if the trial court correctly guesses the issues Appellants raise[] on appeal and writes an opinion pursuant to that supposition the issues [are] still waived." *Commonwealth v. Heggins*, 809 A.2d 908, 911 (Pa.Super. 2002).

*Kanter v. Epstein*, 866 A.2d 394, 400 (Pa.Super. 2004), *appeal denied,* 584 Pa. 678, 880 A.2d 1239 (2005), *cert. denied, Spector, Gadon & Rosen, P.C. v. Kanter,* 546 U.S. 1092, 126 S.Ct. 1048, 163 L.Ed.2d 858 (2006). We have further stated:

When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues.

In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all. While [*Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998)] and its progeny have generally involved situations where an appellant completely fails to mention an issue in his Concise Statement, for the reasons set forth above we conclude that *Lord* should also apply to Concise Statements which are so vague as to prevent the court from identifying the issue to be raised on appeal. . . .

*Lineberger v. Wyeth*, 894 A.2d 141, 148 (Pa.Super. 2006) (quoting *Commonwealth v. Dowling*, 778 A.2d 683, 686-87 (Pa.Super. 2001)).

This Court has likewise found waiver applicable to voluminous statements. As indicated in *Tucker v. R.M. Tours*, 939 A.2d 343, 346 (Pa.Super. 2007):

Our law makes it clear that Pa.R.A.P. 1925(b) is not satisfied by simply filing any statement. Rather, the statement must be "concise" and coherent as to permit the trial court to understand the specific issues being raised on appeal. Specifically, this Court has held that when appellants raise an "outrageous" number of issues in their 1925(b) statement, the appellants have "deliberately circumvented the meaning and purpose of Rule 1925(b) and ha[ve] thereby effectively precluded appellate review of the issues [they] now seek to raise." *Kanter*, 866 A.2d at 401. We have further noted that such "voluminous" statements do not identify the issues that appellants actually intend to raise on appeal because the briefing limitations contained in Pa.R.A.P. 2116(a) makes the raising of so many issues impossible. *Id.* "Further, this type of extravagant 1925(b) statement makes it all but impossible for the trial court to provide a comprehensive analysis of the issues." *Jones v. Jones*, 878 A.2d 86, 90 (Pa.Super. 2005).

Further, as we held in *Krebs v. United Refining Co.*, 893 A.2d 776, 797 (Pa.Super. 2006), a failure to preserve issues by raising them both in the concise statement of errors complained of on appeal and statement of questions involved portion of the brief on appeal results in a waiver of those issues.

Additionally, pursuant to Pennsylvania Rule of Appellate Procedure 2111:

**(a) General rule.--**The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:

(1)     Statement of jurisdiction.
(2)     Order or other determination in question.
(3)     Statement of both the scope of review and the standard of review.
(4)     Statement of the questions involved.
(5)     Statement of the case.
(6)     Summary of argument.

- 7 -

(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8) Argument for appellant.

(9) A short conclusion stating the precise relief sought.

(10) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

**(b) Opinions below.--**There shall be appended to the brief copy of any opinions delivered by any court or other government unit below relating to the order or other determination under review, if pertinent to the questions involved. If an opinion has been reported, that fact and the appropriate citation shall also be set forth.

**(c) Pleadings.--**When pursuant to Rule 2151(c) (original hearing cases) the parties are not required to reproduce the record, and the questions presented involve an issue raised by the pleadings, a copy of the relevant pleadings in the case shall be appended to the brief.

**(d) Brief of the Appellant.--**In the Superior Court, there shall be appended to the brief of the appellant a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Pa.R.A.P. 1925(b). If the trial court has not entered an order directing the filing of such a statement, the brief shall contain an averment that no order to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered by the trial court.[8]

Pa.R.A.P. 2111 (footnote added).

---

[8] As indicated above, in Children's Fast Track matters, such as this matter, a concise statement of errors complained of on appeal is required to be submitted with the notice of appeal. Pa.R.A.P. 1925(a)(2)(i).

Rules 2114 through 2119 establish and set forth in detail the specifics as to each of the required sections of the brief. **See** Pa.R.A.P. 2114-2119. As to the argument section of a brief, Rule 2119 provides as follows:

**Rule 2119. Argument.**

**(a)** *General rule***.**—The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

**(b)** *Citations of authorities***.**—Citations of authorities in briefs shall be in accordance with Pa.R.A.P. 126 governing citations of authorities.

**(c)** *Reference to record***.**—If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears (*see* Pa.R.A.P. 2132).

**(d)** *Synopsis of evidence***.**—When the finding of, or the refusal to find, a fact is argued, the argument must contain a synopsis of all the evidence on the point, with a reference to the place in the record where the evidence may be found.

**(e)** *Statement of place of raising or preservation of issues***.**—Where under the applicable law an issue is not reviewable on appeal unless raised or preserved below, the argument must set forth, in immediate connection therewith or in a footnote thereto, either a specific cross-reference to the page or pages of the statement of the case which set forth the information relating thereto as required by Pa.R.A.P. 2117(c), or substantially the same information.

. . .

"[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *In re W.H.*, 25 A.3d 330, 339 n.3 (Pa.Super. 2011), *appeal denied*, 611 Pa. 643, 24 A.3d 364 (2011) (quoting *In re A.C.*, 991 A.2d 884, 897 (Pa.Super. 2010)); *see also In re M.Z.T.M.W.*, 163 A.3d 462, 465-66 (Pa.Super. 2017).

With regard to non-compliance, Rule 2101 provides as follows:

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101.

We have held that an appeal may be dismissed and/or quashed where the deficiencies of the appellant's brief are such that we are unable to conduct a meaningful review. *Karn v. Quick & Reilly, Inc.*, 912 A.2d 329, 337 (Pa.Super. 2006); *Branch Banking & Trust v. Gesiorski*, 904 A.2d 939, 943 (Pa.Super. 2006); *Commonwealth v. Maris*, 629 A.2d 1014, 1017 (Pa.Super. 1993). Of particular importance, an appellant must include a statement of questions involved. *Branch Banking & Trust*, 904 A.2d at 942; *Maris*, 629 A.2d at 1016. As we indicated in *Maris*:

> "This Court possesses discretionary authority to quash, dismiss or deny allowance of appeal based upon the substantial defects of appellant's brief. Pa.R.A.P. 2101." *Commonwealth v. Ely*, 381 Pa.Super. 510, 513, 554 A.2d 118, 119 (1989). . . . "We decline to become appellant's counsel. When issues are not properly raised and developed in briefs, when the briefs are wholly

inadequate to present specific issues for review a Court will not consider the merits thereof." **Sanford**, supra, 299 Pa.Super. at 67, 445 A.2d at 150. . . .

**Maris**, 629 A.2d at 1017.

Moreover, we cannot accord special relief to an appellant merely because of his *pro se* status. **See id.** As stated in **Commonwealth v. Rivera**, 685 A.2d 1011, 1013 (Pa.Super. 1996) (quoting **O'Neill v. Checker Motors Corp.**, 567 A.2d 680, 682 (Pa.Super. 1989)):

> While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because she lacks legal training. As our [S]upreme [C]ourt has explained, any layperson choosing to represent [herself] in a legal proceeding must, to some reasonable extent, assume the risk that [her] lack of expertise and legal training will prove [her] undoing.

In the case *sub judice*, we first observe the vague and rambling nature of Father's Rule 1925(b) concise statement. Father's statement is largely an unstructured, stream-of-consciousness narrative. We, nevertheless, find that we are able to decipher several claimed errors, namely, lack of notice of the February 7, 2019 hearing, counsel's breach of fiduciary obligation, and lack of sufficient evidence to support removal of Child from Father's home and/or that return is not in Child's best interests and welfare.

We, however, note with disapproval Father's deficient brief. Father's brief fails to contain the appropriate sections and organization required and set forth by our appellate rules in order to provide meaningful review. Rather, Father presents a disjointed challenge to jurisdiction, followed by a motion to

dismiss,[9] followed by a "custody brief." More importantly, this "custody brief," which is essentially an argument on the merits and we equate with an argument section, is devoid of any organizational headings, but any citation to the record and to applicable law. *See* Pa.R.A.P. 2101; *see also In re W.H.*, 25 A.3d at 339 n.3; *see also In re M.Z.T.M.W.*, 163 A.3d at 465-66; *see also* Pa.R.A.P. 2119(a), (b), (c).

Moreover, review of Father's statement of questions involved exposes that Father only preserved a challenge to the sufficiency of the evidence for review, as he failed to raise the remaining issues raised in his Rule 1925(b) concise statement in his statement of questions involved. *See Krebs*, 893 A.2d at 797.

Even had we found this issue preserved, we would find Father's opposition to the trial court's ruling without merit. The record reveals Father's lack of parental care and control and inability to provide for Child's safety and

---

[9] Father's request for dismissal is largely based on an assertion of lack of notice. Father, however, waived this issue by failing to raise it in the court below as the matter proceeded. *See* Pa.R.A.P. 302(a) (providing for waiver of issues not first raised in lower court); *Fillmore v. Hill*, 665 A.2d 514, 515-16 (Pa.Super. 1995) (stating, "[I]n order to preserve an issue for appellate review, a party must make a timely and specific objection at the appropriate stage of the proceedings before the trial court. Failure to timely object to a basic and fundamental error, such as an erroneous jury instruction, will result in waiver of that issue. On appeal, the Superior Court will not consider a claim which was not called to the trial court's attention at a time when any error committed could have been corrected.") (citations omitted). Critically, Father was represented by counsel who agreed to proceed with the November 14, 2018 hearing without Father once he was removed from the courtroom. N.T., 11/14/18, at 14. Likewise, counsel failed to object or raise Father's lack of presence and/or lack of notice at the February 7, 2019 hearing.

welfare. Specifically, the evidence supports the finding of an unstable and insecure home environment. At the November 14, 2018 hearing, it was indicated that the family did not have proper housing. Daquan Jenkins, CUA case manager, Turning Points for Children, testified that he "let the family know that [Child] can't return home until there's proper housing found because I believe they returned to their [previous] home that lacked water and electricity, so [Child] couldn't return back to the home." N.T., 11/14/18, at 16. Further, Stepmother acknowledged that she and Father were "waiting for a contractor to do what he need [sic] to do." *Id.* at 27. Moreover, in his brief to this Court, Father states that, while the electricity is now on, there remains no water in his home. Father's Brief at 3.[10]

For the foregoing reasons, we affirm the order of the trial court granting DHS's petition for shelter care and deny Father's petition seeking release of Child.

Order affirmed. Petition denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/4/20

---

[10] Curiously, Father attempts to blame the trial judge for his water being turned off. Father's Brief at 4.

- 13 -