J-A27030-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| FANTA KAMARA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| IDRISSA NYALLEY | : | No. 777 MDA 2023 |

Appeal from the Order Dated May 11, 2023
In the Court of Common Pleas of Dauphin County Domestic Relations at
No(s): 986-DR-22,
PACSES No. 0203011720

BEFORE: LAZARUS, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.: **FILED DECEMBER 01, 2023**

Appellant Fanta Kamara (Mother) appeals *pro se* from the order denying her claims for spousal support and child support. Mother argues that the trial court erred by determining that the parties were not married and in calculating the parties' income. For the following reasons, we dismiss the appeal.

Briefly, on September 25, 2022, Mother filed a complaint seeking child support, spousal support, and alimony *pendente lite* (APL) from Appellee Idrissa Nyalley (Father) on behalf of herself and her four children.[1] Following a conference before a support officer, the trial court entered an order on December 9, 2022, directing Father to pay child support in the amount of

---

[*] Former Justice specially assigned to the Superior Court.

[1] The parties are involved in a separate custody action, which is assigned to Dauphin County docket number 2022-CV-6730-CU.

$2,120 per month. The December 9, 2022 order did not provide for spousal support or APL. The trial court held a hearing *de novo* on May 3, 2023. After that hearing, the trial court entered an opinion and order concluding that Mother and Father were never legally married, therefore, Mother was not entitled to spousal support. **See** Trial Ct. Op. & Order, 5/11/23, at 1-2 (unpaginated). Further, the trial court suspended the December 9, 2022 child support order and ordered that Father did not owe any arrears because the trial court found that Mother has a higher monthly income than Father and the parties shared physical custody of their children on a 50/50 basis. **See id.** at 2 (unpaginated).

Mother filed a timely *pro se* notice of appeal and a court ordered Pa.R.A.P. 1925(b) concise statement. The trial court did not issue a separate Rule 1925(a) opinion.

Before addressing Mother's claims, we must consider whether Mother complied with the Pennsylvania Rules of Appellate Procedure. This issue is a pure question of law for which "our scope of review is plenary, and our standard of review is *de novo*." **Kronstain v. Miller**, 19 A.3d 1119, 1123 (Pa. Super. 2011) (citation omitted); **see also Trigg v. Children's Hosp. of Pittsburgh of UPMC**, 229 A.3d 260, 269 (Pa. 2020) (stating that "[t]he issue of waiver presents a question of law, and, as such, our standard of review is *de novo* and our scope of review is plenary" (citation omitted)).

It is well settled that appellate briefs must conform to the requirements set forth in the appellate rules. **In re Ullman**, 995 A.2d 1207, 1211 (Pa.

Super. 2010) (citations omitted). Further, if the defects in an appellant's brief "are substantial, the appeal or other matter may be quashed or dismissed." Pa.R.A.P. 2101; *see also Ullman*, 995 A.2d at 1212.

The Rules require that an appellant's brief must contain, among other things, a statement of jurisdiction, the order in question, a statement of both the scope of review and the standard of review, a statement of the questions involved, a statement of the case, a summary of argument, a short conclusion stating the precise relief sought, a copy of the trial court's opinion, and a copy of the appellant's Rule 1925(b) statement. *See* Pa.R.A.P. 2111(a)(1)-(6), (9)-(11).

Further, this Court has explained that an appellant's *pro se* status does not relieve them of their duty to comply with our Rules of Appellate Procedure. *Jiricko v. Geico Ins. Co.*, 947 A.2d 206, 213 n.11 (Pa. Super. 2008). "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." *Ullman*, 995 A.2d at 1211-12 (citations omitted). Moreover, "[i]t is well-settled that this Court will not review a claim unless it is developed in the argument section of an appellant's brief, and supported by citations to relevant authority." *In re M.Z.T.M.W.*, 163 A.3d 462, 465 (Pa. Super. 2017) (citations omitted); *see also* Pa.R.A.P. 2119(a), (c) (providing that the argument section of an appellate brief shall contain discussion of the issues raised therein and citations to pertinent legal authorities and references to the record). "Where an appellate brief fails to provide any discussion of a claim with citation to

relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." ***M.Z.T.M.W.***, 163 A.3d at 465-66 (citation omitted and formatting altered). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." ***U.S. Bank, N.A. v. Pautenis***, 118 A.3d 386, 394 (Pa. Super. 2015) (citations omitted).

Here, Mother has filed a brief which contains approximately eleven pages of handwritten argument and fifty-pages of exhibits. Mother argues that the trial court erred in calculating the parties' incomes and by concluding that the parties were never legally married. Mother's Brief at 3, 5-8, 13-14 (unpaginated). Mother also discusses matters related to the parties' separate custody action.[2] ***Id.*** at 3-6, 13-16 (unpaginated).

Mother has failed to meet almost all of the requirements for an appellate brief. ***See*** Pa.R.A.P. 2111(a)(1)-(6), (9)-(11). Further, Mother has failed to develop her arguments in any meaningful fashion with citations to relevant legal authority and to the record, and we will not do so for her. ***See M.Z.T.M.W.***, 163 A.3d at 465-66; ***Pautenis***, 118 A.3d at 394; Pa.R.A.P. 2119(a), (c).

---

[2] We note that Mother has not filed a notice of appeal from any order in that custody action. Therefore, this Court will not review any issues which are beyond the scope of the instant appeal. ***See generally M.W. v. S.T.***, 196 A.3d 1065, 1069 n.6 (Pa. Super. 2018) (explaining that where a grandmother had filed a notice of appeal from the order dismissing her complaint for custody of her minor grandchildren, this Court would not review orders entered in separate dependency cases because the grandmother did not file an appeal in either of the dependency cases).

Under these circumstances, and given the substantial defects in Mother's brief, we are unable to conduct a meaningful review of Mother's claims. For these reasons, we are constrained to dismiss Mother's appeal.[3] *See* Pa.R.A.P. 2101; *Ullman*, 995 A.2d at 1211-12.

Appeal dismissed. Oral argument cancelled. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/01/2023

---

[3] In any event, even if we were to address whether the trial court abused its discretion in denying Mother's support petition, we would affirm on the basis of the trial court's opinion. *See* Trial Ct. Op. at 1-2 (unpaginated).