J-S27029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| RICHARD C. GRATE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VENITA D. MANN | : | |
| | : | |
| Appellant | : | No. 955 EDA 2024 |

Appeal from the Order Entered March 6, 2024
In the Court of Common Pleas of Philadelphia County Domestic Relations
at No(s): 0C1302259

MEMORANDUM PER CURIAM:                          **FILED NOVEMBER 14, 2024**

Venita D. Mann (Mother) appeals *pro se* from the final custody order modifying the custodial rights of both Mother and Richard C. Grate (Father) with respect to their fifteen-year-old son, D.X.M. (Child). We affirm.

We adopt the trial court's recitation of the facts and procedural history of this matter.[1]  **See** Trial Ct. Op., 4/26/24, at 1-4. Briefly, Mother filed a

_____

[1] We note that the first custody order in this matter was entered by the trial court in January of 2014. **See V.D.M. v. R.C.G.**, 1117 EDA 2019, 2020 WL 398591, at *1 (Pa. Super. filed Jan 23, 2020) (unpublished mem.) (**Grate I**). Throughout the history of this case, Mother has filed numerous petitions pertaining to the parties' custody arrangement. The trial court has consistently denied Mother's dizzying number of petitions to modify, for expedited relief, and for contempt. This Court, in turn, has affirmed the trial court's orders or quashed Mother's appeals on procedural grounds. **See**, **e.g.**, with regard to custody modification and expedited relief, **Grate I**, 2020 WL 398591; **Grate v. Mann**, 2350 EDA 2022, 2023 WL 3145922 (Pa. Super. filed Apr. 28, 2023) (unpublished mem.) (**Grate II**); **Grate v. Mann**, 4 EDA 2023, 2023 WL 3736432 (Pa. Super. May 31, 2023) (unpublished mem.) (**Grate**
*(Footnote Continued Next Page)*

petition for expedited relief on December 28, 2022, claiming that Child had posted a video on the social media platform TikTok in which Child indicated that he was suicidal. **See** Mother's Pet. for Expedited Relief, 12/28/22, at 2 (unpaginated); N.T., 1/20/23, 35-36. At a hearing on January 20, 2023, the trial court viewed a recording of the TikTok video and heard testimony from the parties. The trial court credited Father's testimony concerning Child's behavior and demeanor, and that Father had detected no signs of suicidal ideation from Child. The trial court also found that Father took appropriate action to address any concerns relating to Child's conduct in the video. **See** N.T., 1/20/23, 35-59. Therefore, the trial court denied Mother's petition for expedited relief. **See** Trial Ct. Order, 1/20/23.[2]

Mother filed a petition to modify custody on February 14, 2023, and an amended petition on June 8, 2023. **See** Mother's Pet. to Modify Custody, 2/14/23; Mother's Am. to Pet. to Modify Custody, 6/8/23. The trial court held two hearings on this modification petition, which included an *in camera*

_____

**III**); and **Grate v. Mann**, 231 EDA 2023 (Pa. Super. filed Mar. 6, 2023) (*per curiam* order) (**Grate IV**) (quashing Mother's appeal from the trial court's January 20, 2023 order denying Mother's petition for expedited relief as interlocutory). While Mother has appealed almost every trial court ruling in this matter over the course of more than ten years of Child's life, at issue here is the trial court's final custody order of March 6, 2024, which modified a prior final custody order entered on December 1, 2022.

[2] As noted in footnote 1, *supra*, Mother filed an appeal from this order, which this Court quashed as interlocutory. **See Grate IV**, 231 EDA 2023.

interview with Child.[3]  On March 6, 2024, the trial court entered a final custody order continuing most of the provisions set forth in its prior order, only modifying Mother's periods of partial physical custody from a set schedule to times "as arranged and agreed between Mother and [] Child."  *See* Trial Ct. Order, 3/6/24, at 1.

Mother filed a timely notice of appeal and a Pa.R.A.P. 1925(a)(2)(i) statement.[4]  The trial court filed a thorough Rule 1925(a) opinion, concluding that Mother was not entitled to relief.

Mother raises the following claims on appeal:

1.  Whether the [trial] court violated [Mother's] constitutional right to due process of law?

_____

[3] After the *in camera* interview, the trial court reported back to the parties that Child is "really a lovely young man, very nice demeanor, respectable, well spoken.  He expressed himself very clearly to me.  He's growing up.  He's mature for his age."  *See* N.T., 3/6/24, at 13-14.

[4] During the pendency of this appeal, Mother filed additional petitions for expedited relief, which the trial court denied.  Mother subsequently appealed the order denying relief and this Court quashed the appeal as interlocutory on June 14, 2024.  *See Grate v. Mann*, 1287 EDA 2024 (Pa. Super. filed June 14, 2024) (*per curiam* order) (*Grate V*).  In that order, this Court cautioned Mother that "any further frivolous appeals and/or filings with the appellate court shall result in the imposition of sanctions.  *See* Pa.R.A.P. 2744[.]"  *Id.*

While we decline to find this appeal completely frivolous, we note that several of Mother's claims presented herein have been previously litigated in prior appeals.  *See* footnote 1, *supra*.  Mother continues to file new appeals challenging the outcome of settled claims, while relying on evidence already painstakingly considered by the trial court and this Court.  Mother's repetitive appeals require the trial court and this Court to expend limited judicial resources.

2. Whether the [trial] court erred in omitting several records of [Child's] own voice of stating he was molested in [Father's] care and of [Child] stating he needed and wanted help from [M]other. Two Philadelphia Children Alliance videos regarding occurrence of sexual abuse in [Father's] home, with both Judges in this case making sure April 16, 2018, Philadelphia [Children's] Alliance video was kept out of the record?

3. Whether the [trial] court intentionally omitted the video of [Child's] suicidal ideation that occurred on December 18, 2022, this evidence was said to be entered heard in hearing Janu[a]ry 20, 2023 and March 29, 2023 and March 6, 2024. But the [trial court] repeatedly went off record when this evidence was to be heard for the record along with the documents of a copy of the video that has been kept out of evidence. Kept out of evidence is a witness and [Mother's] text messages that could prove the time of the incident which was different from what [F]ather fabricated the truth of what [Child] said and when the video was created were suppressed and isn't in the record for appeal [at] 955 EDA 2024?

4. Whether the [trial] court erred as a matter of law by not permitting [Mother's] witness . . . Natile Thomas to [testify to] her own voicemail as evidence regarding records that would prove Father['s] counsel Theresa Brunson . . . fabricated evidence in hearing regarding [Mother] getting [Child] kicked out of [Child's] treatment. With her Fabricating that witness [D]ouglas Faxon testified in hearings November 30, 2016, in which Theresa Brunson was allowed to use the same evidence mark[ed] as F-5 in hearing August 12, 2022, that she used in hearing 11-30-2016, to aid[] her in stripping Mother of her custody rights on 8-16-22. The [trial court] did not allow [Mother] to prove that the [C]onsortium reports and [C]onsortium psychological evaluator reports that were vital to the case were altered and concealed by the prior Judge and that judge Pechkorow omitted parts of the [C]onsortium report in May 17, 2017, p 155, she also omitted JJPI report pages 9 & 10 and suppressed and concealed the WOAR report?

5. Whether the [trial] court erred in altering [Mother's] evidence throughout the pendency of the modification hearings?

6. Whether the [trial] court erred in failing to consider all the factors under 23 Pa.C.S. 5328 as to what is in [C]hild's best

interests due to [the trial court] omitting the vital history of the issues that took place while awaiting trial?

Mother's Brief at 9-11 (renumbered sequentially and suggested answers omitted, otherwise *verbatim*).[5]

Before reviewing Mother's claims, we must consider whether she has complied with the Pennsylvania Rules of Appellate Procedure.

This Court has explained:

It is well settled that appellate briefs must conform to the requirements set forth in the appellate rules. ***In re Ullman***, 995 A.2d 1207, 1211 (Pa. Super. 2010) (citations omitted). Further, if the defects in an appellant's brief "are substantial, the appeal or other matter may be quashed or dismissed." Pa.R.A.P. 2101; ***see also Ullman***, 995 A.2d at 1212.

\* \* \*

[A]n appellant's *pro se* status does not relieve them of their duty to comply with our Rules of Appellate Procedure. ***Jiricko v. Geico Ins. Co.***, 947 A.2d 206, 213 n.11 (Pa. Super. 2008). "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." ***Ullman***, 995 A.2d at 1211-12 (citations omitted). Moreover, "[i]t is well-settled that this Court will not review a claim unless it is developed in the argument section of an appellant's brief, and supported by citations to relevant authority." ***In re M.Z.T.M.W.***, 163 A.3d 462, 465 (Pa. Super. 2017) (citations omitted); ***see also*** Pa.R.A.P. 2119(a), (c) (providing that the argument section of an appellate brief shall contain discussion of the issues raised therein and citations to pertinent legal authorities and references to the record). "Where an appellate brief fails to provide any discussion of a claim with

---

[5] To the extent Mother raised additional issues in her Rule 1925(a)(2)(i) statement that were not included in her brief, we conclude that those claims are abandoned and therefore waived for purposes of appeal. ***See*** Pa.R.A.P. 2116(a), 2119(a); ***see also Commonwealth v. McGill***, 832 A.2d 1014, 1018 n.6 (Pa. 2003) (finding waiver where the appellant abandoned claim on appeal).

- 5 -

citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." ***M.Z.T.M.W.***, 163 A.3d at 465-66 (citation omitted and formatting altered). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." ***U.S. Bank, N.A. v. Pautenis***, 118 A.3d 386, 394 (Pa. Super. 2015) (citations omitted).

See ***Kamara v. Nyalley***, 777 MDA 2023, 2023 WL 8306735, *1-2 (Pa. Super. 2023) (unpublished mem.).[6]

Here, although Mother has identified several claims on appeal, we conclude that she has failed to adequately develop those claims for our review. ***See M.Z.T.M.W.***, 163 A.3d at 465 ("this Court will not review a claim unless it is developed in the argument section of an appellant's brief, and supported by citations to relevant authority" (citation omitted)). Indeed, Mother's argument section does not include any legal authority to support her claims, nor does she apply the law to the facts of this case in a meaningful manner as required by our Rules of Appellate Procedure and case law.[7] ***See id.***; Pa.R.A.P. 2119(a). Instead, Mother's 54-page argument section is largely comprised of citations to the record and an alternative recitation of the history surrounding this case. ***See*** Mother's Brief at 20-74. Therefore, because

_____

[6] ***See*** Pa.R.A.P. 126(b) (providing that we may cite to unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, for their persuasive value).

[7] While Mother is a *pro se* litigant we are not Mother's counsel and will not develop arguments on her behalf. ***See M.Z.T.M.W.***, 163 A.3d at 465 (claims of *pro se* appellant waived for failure to provide any discussion with citation to relevant authority or to develop the issue in any other fashion capable of review); ***Pautenis***, 118 A.3d at 394 ("[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant").

Mother has failed to develop her issues in any meaningful fashion capable of review, we conclude that her claims are waived and that she is not entitled to relief.[8] *See M.Z.T.M.W.*, 163 A.3d at 465-66. Accordingly, we affirm.[9]

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/14/2024

_____

[8] In any event, the trial court comprehensively addressed Mother's claims and concluded that they do not merit relief. Therefore, even if properly preserved, we would adopt the trial court's opinion addressing Mother's claims. *See* Trial Ct. Op., 4/26/24, at 8-28. The parties are directed to attach a copy of the trial court's opinion in the event of further proceedings.

[9] During the pendency of this appeal, Mother filed two additional applications for relief, which we address in a separate order.