J-S39039-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DWIGHT CAMPBELL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| UPMC ALTOONA HOSPITAL | : | No. 722 WDA 2024 |
| POLICE/SECURITY DEPARTMENT | : | |
| (ALTOONA) | : | |

Appeal from the Order Entered May 14, 2024
In the Court of Common Pleas of Blair County Civil Division at No(s):
2022 GN 1658

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                **FILED: JANUARY 14, 2025**

Appellant Dwight Campbell appeals *pro se* from the order sustaining preliminary objections filed by Appellee UPMC Altoona Hospital Police/Security Department and dismissing Appellant's complaint with prejudice.  After review, we dismiss the appeal.

The trial court summarized the history of this matter as follows:

[Appellant] filed [a c]omplaint alleging "discrimination and illegal detention in violation of the Fifth and Eighth Amendment[s] of the United States Constitution."  [Appellant] alleges that on June 25, 2022, he was taken from the Blair County Prison to UPMC-Altoona for treatment of a stroke causing vision loss in his right eye and heart issues.  [Appellant] alleges that UPMC Police/Security took him to their "lock up section" and put him in a cell causing [him] distress.

[Appellant] filed a motion for summary judgment which was denied by [the Honorable Timothy M.] Sullivan.[1] [Appellant] also filed a motion to set a jury trial date which was also dismissed by Judge Sullivan.[2] [Appellee] filed the instant preliminary objections on April 19, 2024. As of May 14, 2024, [Appellant] filed no response to the preliminary objections.

Trial Ct. Op. & Order, 5/14/24, at 1-2 (unpaginated) (some formatting altered).[3] The trial court sustained Appellee's preliminary objections and dismissed Appellant's complaint with prejudice. *Id.* at 6 (unpaginated).

Appellant filed a timely notice of appeal. The trial court did not order Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Before addressing Appellant's claims, we must consider whether Appellant has complied with the Pennsylvania Rules of Appellate Procedure. This issue is a pure question of law for which "our scope of review is plenary, and our standard of review is *de novo*." ***Kronstain v. Miller***, 19 A.3d 1119,

---

[1] The trial court denied Appellant's motion for summary judgment due to Appellant's failure to comply with the Rules of Civil Procedure. *See* Order, 1/10/23 (stating "it is hereby ORDERED, DIRECTED and DECREED that [Appellant's] 'Motion to Grant Motion for [sic] Judgment/Summary Judgment' is denied and dismissed without hearing, as [Appellant's] action is not in compliance with the applicable Pennsylvania Rules of Civil Procedure").

[2] The trial court's order disposing of Appellant's demand for a trial date stated: "the court having received [Appellant's] *pro se* filing entitled, 'Motion to Set Date for Jury Trial,' it is hereby ORDERED, DIRECTED, and DECREED that such motion is dismissed as being premature and inappropriate at this time." Order, 9/20/23.

[3] The May 14, 2024 opinion and order were authored by the Honorable David B. Consiglio. *See* Trial Ct. Op. & Order, 5/14/24, at 6 (unpaginated)

1123 (Pa. Super. 2011) (citation omitted); *see also Trigg v. Children's Hosp. of Pittsburgh of UPMC*, 229 A.3d 260, 269 (Pa. 2020) (stating that "[t]he issue of waiver presents a question of law, and, as such, our standard of review is *de novo* and our scope of review is plenary" (citation omitted)).

It is well settled that appellate briefs must conform to the requirements set forth in the appellate rules. *In re Ullman*, 995 A.2d 1207, 1211 (Pa. Super. 2010). Further, if the defects in an appellant's brief "are substantial, the appeal or other matter may be quashed or dismissed." Pa.R.A.P. 2101; *see also Ullman*, 995 A.2d at 1212.

The Rules require that an appellant's brief must contain, among other things, a statement of jurisdiction, the order in question, a statement of both the scope of review and the standard of review, a statement of the questions involved, a statement of the case, a summary of argument, a short conclusion stating the precise relief sought, a copy of the trial court's opinion, and a copy of the appellant's Rule 1925(b) statement or assertion that a Rule 1925(b) statement was not ordered. *See* Pa.R.A.P. 2111(a)(1)-(6), (9)-(11).

Further, this Court has explained that an appellant's *pro se* litigant status does not relieve the litigant of the duty to comply with the Rules of Appellate Procedure. *Jiricko v. Geico Ins. Co.*, 947 A.2d 206, 213 n.11 (Pa. Super. 2008). "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." *Ullman*, 995 A.2d at 1211-12 (citations omitted). Moreover, "[i]t is well-settled that this Court will not review a claim unless it is developed in

the argument section of an appellant's brief, and supported by citations to relevant authority." *In re M.Z.T.M.W.*, 163 A.3d 462, 465 (Pa. Super. 2017) (citations omitted); *see also* Pa.R.A.P. 2119(a), (c) (providing that the argument section of an appellate brief shall contain discussion of the issues raised therein and citations to pertinent legal authorities and references to the record). "Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *M.Z.T.M.W.*, 163 A.3d at 465-66 (citations omitted and formatting altered). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *U.S. Bank, N.A. v. Pautenis*, 118 A.3d 386, 394 (Pa. Super. 2015) (citations omitted).

Here, Appellant's brief consists of three handwritten pages in which he baldly asserts personal injury claims, constitutional and Crimes Code violations, along with assertions that Appellee failed to file timely responses to his pleadings. *See* Appellant's Brief at 1-3 (unpaginated). Importantly, Appellant has failed to satisfy nearly every requirement for an appellate brief. *See* Pa.R.A.P. 2111(a)-(c). Further, Appellant has not developed his arguments in any meaningful fashion with citations to the record and relevant authority, a task that this Court will not complete on behalf of Appellant. *See M.Z.T.M.W.*, 163 A.3d at 465-66; *Pautenis*, 118 A.3d at 394; Pa.R.A.P. 2119(a), (c).

Under these circumstances, given the substantial defects in Appellant's brief, this Court is unable to conduct meaningful appellate review. For these reasons, we are constrained to dismiss Appellant's appeal. *See* Pa.R.A.P. 2101; *Ullman*, 995 A.2d at 1211-12.

Appeal dismissed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 1/14/2025