J-A28044-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CHERYL ANN BONILLA, ADMINISTRATRIX, FRANCES S. GRAF, ESTATE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROY M. GRAAF, AND JERICHO BLACKHEART | : | No. 1236 EDA 2024 |
| | : | |
| APPEAL OF: JERICHO BLACKHEART | : | |

Appeal from the Order Entered April 4, 2024
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2023-C-0729

BEFORE:  PANELLA, P.J.E., STABILE, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:               **FILED FEBRUARY 19, 2025**

Appellant Jericho Blackheart appeals *pro se* from the order granting summary judgment in favor of Appellee Cheryl Ann Bonilla, Administratrix of the Estate of Frances S. Graf, and against Appellant.  After review, we dismiss the appeal.

The trial court summarized the history of this matter as follows:

By Deed dated January 24, 1969, Richard R. Graaf and Frances S. Graaf, husband and wife, took title, as tenants by the entireties, to the real property located at 414 N. Front Street, Allentown, Pennsylvania (hereinafter referred to as the "subject property"). When Richard R. Graaf died in 2001, Frances S. Graaf became the sole owner of the subject property by operation of law.  Frances S. Graaf (hereinafter referred to as "Decedent") died intestate on December 16, 2019.  On July 26, 2022, [Appellee] was granted Letters of Administration for the purpose of administering the Decedent's Estate.

At the time of the Decedent's death, Defendant Roy M. Graaf ("Roy Graaf"), Decedent's son, was residing in the home on the subject property. [Appellant] began residing in the home on the subject property in 2020. [Appellant] claims that he took up residency in the home with the permission of Roy Graaf.

[Appellee] commenced the within ejectment action against Roy Graaf and [Appellant] by filing a Complaint on March 10, 2023.[FN1] [Appellee] alleges that she, on behalf of Decedent's Estate, has the right to immediate possession of the subject property, because [Appellant] is unlawfully residing in the home and [Appellant] disregarded a notice to vacate.

> [FN1] On August 18, 2023, [Appellee] obtained a judgment by default against Graaf. Therefore, only [Appellee's] claims against [Appellant] are presently at issue.

[Appellant], a self-represented litigant, filed an Answer with New Matter on June 15, 2023. Within the context of his New Matter, [Appellant] asserts two separate and distinct counterclaims against [Appellee].[1]

On August 21, 2023, [Appellee] served [Appellant] with a Notice of Deposition, Interrogatories, and Request for Production of Documents. [Appellant] neglected to respond to [Appellee's] discovery requests and failed to appear for the deposition. However, subsequent to the entry of a court order mandating compliance, [Appellant] furnished his responses to [Appellee's] Interrogatories and Request for Production of Documents on October 27, 2023.

On November 9, 2023, this matter proceeded to an arbitration hearing. The arbitration panel entered an award in favor of [Appellee] and against [Appellant]. [Appellant] filed an appeal from the award on December 7, 2023.

On December 12, 2023, [Appellee] filed a Motion for Summary Judgment. [Appellee] seeks summary judgment on both [Appellee's] ejectment claim and [Appellant's] counterclaims. [Appellant] did not file a response to [Appellee's] Motion for

---

[1] Appellant's new matter involved allegations that Appellee turned off the water to the house causing Appellant to have to purchase bottled water and a claim that Appellee was responsible for damage to Appellant's car. *See* New Matter, 6/15/23, at ¶¶21-27.

> Summary Judgment.  On March 13, 2024, the [trial c]ourt heard oral argument[.]

Trial Ct. Op., 4/4/24, at 1-3 (some footnotes omitted and formatting altered).

Because Appellant failed to respond to Appellee's motion for summary judgment, the trial court treated Appellee's motion as uncontested, and it entered summary judgment in favor of Appellee on Appellee's ejectment claim and on Appellant's counterclaims.  **See id.** at 3 (citing Pa.R.C.P.1035.3(d) and Note (providing that "[s]ummary judgment may be entered against a party who does not respond.  Note: Procedural requirements with respect to argument and briefs are governed by local rule" (some formatting altered)); **see also** Leh.R.C.P. 1035.2(a)(2)) (stating that "[a]ny party opposing the motion [for summary judgment] shall file a response along with a supporting brief, within thirty (30) days after service of the motion.  If a response is not filed as provided above, the court may treat the motion as uncontested").

Appellant filed a timely notice of appeal.  The trial court did not order Appellant to file a Pa.R.A.P. 1925(b) statement, and on May 7, 2024, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a), which incorporated its earlier opinion filed on April 4, 2024.

Before addressing Appellant's claims, we must consider whether Appellant has complied with the Pennsylvania Rules of Appellate Procedure. This issue is a pure question of law for which "our scope of review is plenary, and our standard of review is *de novo*."  **Kronstain v. Miller**, 19 A.3d 1119, 1123 (Pa. Super. 2011) (citation omitted); **see also Trigg v. Children's**

*Hosp. of Pittsburgh of UPMC*, 229 A.3d 260, 269 (Pa. 2020) (stating that "[t]he issue of waiver presents a question of law, and, as such, our standard of review is *de novo* and our scope of review is plenary" (citation omitted)).

It is well settled that appellate briefs must conform to the requirements set forth in the appellate rules. *In re Ullman*, 995 A.2d 1207, 1211 (Pa. Super. 2010). Further, if the defects in an appellant's brief "are substantial, the appeal or other matter may be quashed or dismissed." Pa.R.A.P. 2101; *see also Ullman*, 995 A.2d at 1212.

Our Rules require that the appellant's brief must contain, among other things, a statement of jurisdiction, the order in question, a statement of both the scope of review and the standard of review, a statement of the questions involved, a statement of the case, a summary of the argument, a short conclusion stating the precise relief sought, a copy of the trial court's opinion, and a copy of the appellant's Rule 1925(b) statement or declaration that a Rule 1925(b) statement was not ordered. *See* Pa.R.A.P. 2111(a)(1)-(6), (9)-(11).

Further, this Court has explained that an appellant's status as a *pro se* litigant does not relieve the litigant of the duty to comply with the Rules of Appellate Procedure. *See Jiricko v. Geico Ins. Co.*, 947 A.2d 206, 213 n.11 (Pa. Super. 2008). "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." *Ullman*, 995 A.2d at 1211-12 (citations omitted). Moreover, "[i]t is well-settled that this Court will not review a claim unless it

is developed in the argument section of an appellant's brief[] and supported by citations to relevant authority." ***In re M.Z.T.M.W.***, 163 A.3d 462, 465 (Pa. Super. 2017) (citations omitted); ***see also*** Pa.R.A.P. 2119(a), (c) (providing that the argument section of an appellate brief shall contain discussion of the issues raised therein and citations to pertinent legal authorities and references to the record). "Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." ***M.Z.T.M.W.***, 163 A.3d at 465-66 (citations omitted and formatting altered). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." ***U.S. Bank, N.A. v. Pautenis***, 118 A.3d 386, 394 (Pa. Super. 2015) (citations omitted).

Here, Appellant's brief consists of only his recitation of the history of the case and a copy of the trial court's Rule 1925(a) statement. ***See*** Appellant's Brief at 1-5. Importantly, Appellant has failed to satisfy nearly every requirement for an appellate brief. ***See*** Pa.R.A.P. 2111(a)(1)-(4), (6), (9), (11). Further, Appellant has not developed an argument in any meaningful fashion with citations to the record and relevant authority, a task that this Court will not complete on behalf of Appellant. ***See M.Z.T.M.W.***, 163 A.3d at 465-66; ***Pautenis***, 118 A.3d at 394; Pa.R.A.P. 2119(a), (c).[2]

---

[2] We note that Appellee contends that Appellant's brief contains no argument and asserts that the defects in Appellant's brief are substantial and preclude appellate review. ***See*** Appellee's Brief at 12-15 (unpaginated).

Under these circumstances, given the substantial defects in Appellant's brief, this Court is unable to conduct meaningful appellate review. For these reasons, we are constrained to dismiss Appellant's appeal. **See** Pa.R.A.P. 2101; **Ullman**, 995 A.2d at 1211-12.

Appeal dismissed.[3] Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/19/2025

---

[3] On December 20, 2024, Appellant filed a motion seeking reconsideration of an order denying his motion for oral argument. The record reflects that on October 29, 2024, the parties were notified that this appeal was "listed for submission on briefs without oral argument before Panel Number 28, Daily List Number 14, of this [C]ourt on December 12, 2024." Submission Notification Letter, 10/29/24. More than a month later, on December 6, 2024, Appellant filed a motion for oral argument, which was received by this Court less than one week before oral argument on this panel was scheduled to be heard (December 10, 2024 – December 12, 2024). Further, Appellant did not request a continuance to a later argument panel. On December 9, 2024, this Court denied Appellant's motion for oral argument. **See** Order, 12/9/24 (Stabile, J. noted dissent). In light of our disposition, Appellant's motion for reconsideration of the December 9, 2024 order denying oral argument is DENIED.